No. 77,809

NANCY HILL, *Appellee*, v. FARM BUREAU MUTUAL INSURANCE COMPANY, *Appellant*.

(952 P.2d 1286)

Opinion filed January 23, 1998.

*Patrick E. McGrath*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Paul Hasty, Jr.*, and *Casey O. Housley*, of the same firm, were on the briefs for appellant.

*Robert A. De Coursey*, of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: This action was filed by an insured seeking recovery for personal injury from her insurance carrier under uninsured motorist coverage. The case was ultimately dismissed without prejudice. The matter before us arose during discovery when the insurance carrier subpoenaed the insured's medical records from a nonparty hospital and concerns the district court's quashing of the subpoena and its direction as to payment of the cost of photocopying the medical records. The case was transferred to this court on our own motion pursuant to K.S.A. 20-3018(c).

The petition filed herein alleges that plaintiff, Nancy Hill, was injured in an automobile accident in January 1992, said accident being the fault of the other driver, who was uninsured. Hill sought $52,000 from defendant Farm Bureau Mutual Insurance Company (Farm Bureau), her insurance carrier, under the policy's uninsured motorist coverage.

As a part of its discovery, Farm Bureau served a subpoena duces tecum on Providence Medical Center (Providence), pursuant to K.S.A. 60-245a, seeking Hill's medical records.

Providence filed an objection on the grounds federal law precluded disclosure of the records without consent of the patient or a court order stating such disclosure was necessary in the interests of justice. A hearing was held. The subpoena was quashed, Providence was to make the medical records available at the hospital to Farm Bureau's counsel, and any requested photocopies were to be made by Providence at the cost the hospital "normally" charged. Copies were made. Farm Bureau disputes the cost thereof in this appeal. Other facts (and the lack thereof) will be stated as needed in the discussion of the issues.

Before proceeding, the applicable standards of review need to be stated. Control of discovery is entrusted to the sound discretion of the trial court, and orders concerning discovery will not be disturbed on appeal in the absence of clear abuse of this discretion. *Cott v. Peppermint Twist Mgt. Co.*, 253 Kan. 452, Syl. ¶ 20, 856 P.2d 906 (1993); *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, Syl. ¶ 9, 815 P.2d 550 (1991); *Ryan v. Kansas Power & Light Co.*, 249 Kan. 1, 11, 815 P.2d 528 (1991).

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court. *Simon v. Simon*, 260 Kan. 731, Syl. ¶ 2, 924 P.2d 1255 (1996).

We turn now to the issues. For its first issue, Farm Bureau contends the trial court erred in not allowing it to take the deposition of the custodian of the records of Providence.

In its argument on this issue, Farm Bureau paints with an extremely broad brush, spending little time on the particulars of this

case. Rather, it states the general proposition that there are two ways to obtain hospital medical records: (1) through a medical authorization from the patient, which may be a slow process and expensive, as Farm Bureau argues, Kansas hospitals "commonly gouge attorneys" on the cost of copies; and (2) by subpoena duces tecum requiring the records to be brought to the requesting attorney's office, which is a faster and cheaper means, with a date certain, and the attorney can make the copies on his or her own office equipment.

Farm Bureau argues that had the subpoena duces tecum not been quashed, the records would have been brought to its attorney's office by the custodian, where copies would have been made at an economical cost. This is the harm the quashing of the subpoena caused—Farm Bureau had to pay an allegedly exorbitant bill for the copies made by Providence.

There are several major flaws in the arguments presented on this issue. The subpoena duces tecum issued to Providence provides in pertinent part:

"You are commanded to produce the records listed below before a Certified Shorthand Reporter for the State of Kansas from Jay E. Suddreth & Associates, Inc., *at your place of business* 8929 Parallel Parkway, Kansas City, Kansas . . . ." (Emphasis supplied.)

Had the subpoena not been quashed, the medical records would have been produced at the hospital and any copies would have been made by hospital personnel on hospital equipment, with costs assessed to Farm Bureau.

Further, there is no record before us of the hearing in which the subpoena was quashed. The journal entry filed on the hearing does not state the trial court's rationale for its actions. There is no indication in the record as to why Farm Bureau deemed it necessary to depose the custodian or why the request to depose was denied.

We note also that in Farm Bureau's motion to modify the trial court's decision, no complaint is made as to the quashing of the subpoena. The only complaint is that Providence charged too much for the copies—Farm Bureau wanted the order modified from the

hospital's normal charges to a specific "fair and reasonable charge" for the copies Providence had supplied.

An appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994). Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal. *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993).

We also note that a litigant must object to inadequate findings of fact and conclusions of law in order to give the trial court an opportunity to correct them. In the absence of an objection, omissions in findings will not be considered on appeal. Where there has been no such objection, the trial court is presumed to have found all facts necessary to support the judgment. *Galindo v. City of Coffeyville*, 256 Kan. 455, 467, 885 P.2d 1246 (1994).

We conclude that appellant has failed to show the trial court's quashing of the subpoena duces tecum constitutes an abuse of discretion.

In its final issue, Farm Bureau contends the trial court erred in refusing to address whether Providence's charge for copying the medical records was reasonable.

The record before us relative to this issue is, also, fatally deficient. There is not even a copy of Providence's statement of charges in the record. The only references in the record to any specific dollar amount made herein are in appellant's motion to approve bond and the journal entry approving the bond. Bond was sought and approved in the amount of $134.80 "in response to the bill from Providence." All statements relative to an appellant's burden to present an adequate record and to have objected to inadequate trial court findings as set forth in the preceding issue are equally applicable here.

Farm Bureau's motion to modify was heard on July 12, 1996. There is no transcript of that hearing in the record.

An affidavit of Providence's medical records custodian, dated May 31, 1996, was presented to the trial court at the hearing. That affidavit states Ms. Hill's records consisted of 239 pages and that the records were copied in 56 minutes. We do not know whether

these are two-sided or one-sided pages. Nor do we know whether there was time spent, over and above actual copying time, in disassembling and reassembling the records. Likewise, we do not know if any type of administrative fee was charged. In other words, even *if* we assume $134.80 was the charge, the record does not show on what basis it was computed.

By virtue of the absence of any transcript of the hearing, we do not know what evidence there was as to how the charge was determined or whether evidence was introduced that the charge was or was not reasonable. As will be recalled, Farm Bureau sought modification to a reasonable cost.

Farm Bureau contends the trial court erred in refusing to address its claim that the charge was unreasonable. With no transcript of the hearing or objection to the adequacy of the court's findings, we do not know what the trial court did or did not consider or the basis for its ruling.

With the state of the record herein, there has been no showing of error or abuse of discretion on this issue.

In conclusion, it should be noted that the glaring omissions in the record presented in this appeal, coupled with sweeping assertions in the appellant's brief, appear to indicate this appeal is more the result of a fit of pique rather than a serious effort to obtain meaningful appellate review of a trial court's orders.

The judgment is affirmed.