256

(27 P.3d 919)
No. 84,340 [1]

KENNETH P. SECK, *Appellant*, v. CITY OF OVERLAND PARK, KANSAS a Municipal Corporation, and OVERLAND PARK POLICE DEPARTMENT, *Appellees*.

Opinion filed December 22, 2000.

*Kenneth P. Seck*, appellant pro se.

*Michael R. Santos*, senior assistant city attorney, of Overland Park, for appellees.

Before BRAZIL, C.J., KNUDSON, J., and PADDOCK, S.J.

PADDOCK, J.: Plaintiff Kenneth P. Seck appeals the district court's dismissal of his mandamus action pursuant to the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.*, to open the investigatory records of the death of Elaine Beckers Braun held by the defendants, the City of Overland Park and the Overland Park Police Department.

In 1997, Elaine Beckers Braun, a former Johnson County Commissioner, was found dead in a parking lot. After an investigation, Braun's death was determined to be a suicide.

Thereafter, the plaintiff requested the police records pertaining to Braun's death, but the defendants denied the request. The plaintiff then filed suit in mandamus, seeking an order from the court to disclose the records pursuant to the KORA.

When the defendants filed a motion to dismiss, the plaintiff responded with a request to depose Police Chief John Douglass, the custodian of the records sought. The district court denied the plaintiff's motion to depose the chief of police. After a hearing, the court also denied the plaintiff's suit, finding that the records sought fell within the criminal investigation exception to the disclosure of public records under the KORA.

The district court denied the plaintiff's motion for a new trial or to open, alter, or amend the judgment. The plaintiff appeals.

Although the plaintiff presents little argument to support his claim that the district court erred in refusing to order disclosure of the police records, he apparently contests the court's conclusion that these records qualify for the criminal investigation exception provided by K.S.A. 1999 Supp. 45-221(a)(10).

Determining whether the district court correctly applied the KORA is a question of law, involving an interpretation of the statute; therefore, this court's review of the district court's interpretation is plenary. See *Burroughs v. Thomas*, 23 Kan. App. 2d 769, 770-71, 937 P.2d 12, *rev. denied* 262 Kan. 959 (1997).

K.S.A. 1999 Supp. 45-217(b) defines criminal investigatory records to include the records of a criminal justice agency "compiled in the process of preventing, detecting or investigating violations of criminal law." Although the statute does not define criminal justice agency, the plaintiff does not contend, nor is there any reasonable doubt, that the Overland Park Police Department qualifies as a criminal justice agency.

Instead, the plaintiff questioned whether the records compiled by the police department in the course of investigating Braun's death qualify as records "compiled in the process of preventing, detecting or investigating violations of criminal law." He argues that because the death was declared a suicide, the investigation was not designed to unearth a violation of criminal law.

The district court properly rejected the plaintiff's interpretation of what constitutes a criminal investigation. The Kansas Supreme Court has noted that the legislative intent behind a criminal investigation exception to the KORA is to protect innocent people whose names might be involved in the investigation, either as possible suspects or as informants. See *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, 67, 734 P.2d 1083 (1987). Until a death has been declared a suicide, it may be a potential homicide. Therefore, a police investigation of a death, even when it is ultimately declared a suicide, may contain names of innocent individuals who were suspects or merely informants. Considering the legislative intent behind the criminal investigation exception, the Overland Park Police Department investigation of Braun's death qualifies as "the process of preventing, detecting or investigating violations of criminal law." The defendants are not compelled by the KORA to disclose the records relating to Braun's death.

However, K.S.A. 1999 Supp. 45-221(a)(10) provides that a district court may order disclosure of criminal investigation records if the court finds that disclosure would satisfy several criteria imposed

by statute. Even if all of the statutory criteria is present in a given case, the district court has discretion to deny disclosure. See *Harris Enterprises, Inc.*, 241 Kan. at 65. As a result, this court is limited to reviewing the district court's decision for an abuse of that discretion. Judicial discretion is abused when it is arbitrary, fanciful, or unreasonable. If any reasonable person would take the position taken by the district court, reversal is unwarranted. See *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 704, 952 P.2d 1286 (1998).

After viewing the records in camera and hearing the arguments of the parties, the district court concluded that the plaintiff had failed to establish a public interest requiring the disclosure of the records. The court further concluded that disclosing the records might jeopardize the physical safety of a person contained therein. This finding is reasonable.

The plaintiff alleged that Braun's death involved a public interest due to her position as a former Johnson County Commissioner and due to the amount of press coverage her death received. He also alleged that Braun's death raised questions of drug or alcohol use, and he questioned a police cover-up relating to some ulterior motive on the part of the police department. The district court responded that nothing in the records would assist the plaintiff in addressing his question regarding Braun's death and that the only other public interest involved was mere curiosity.

The Supreme Court in discussing the meaning of "public interest" in 45-221(a)(10)(A) held that the interest "must be a matter which affects a right or expectancy of the community at large and must derive meaning within the legislative purpose embodied in the statute." *Harris*, 241 Kan. at 66. Mere curiosity about the circumstances surrounding an investigation is not sufficient.

Of the plaintiff's assertions, only his claims concerning suspected drug or alcohol use or official corruption provide any basis for disclosure. The allegations concerning Braun's drug or alcohol use were put to rest by the autopsy report which was released to the plaintiff, leaving only the allegations of official corruption.

In *Harris*, the Olathe newspaper sought release of criminal investigation records to determine whether the police had mishandled the investigation by using fire department personnel to pro-

cess the crime scene, delaying the use of an elite investigation unit, possibly postponing the identification of the individual involved with the crime, and applying improper methods to solve the crime. Although the court ultimately concluded that the newspaper had presented legitimate public interest in the records, it held that the district court had not abused its discretion in refusing to disclose the records because they contained no information that would promote those public interests. 241 Kan. at 66-67.

Likewise, in the instant case, even if the plaintiff's mere allegation of official corruption presented a sufficient basis for the district court to conclude that a valid public interest was at issue, the district court's review of the records in camera revealed that the records would not assist the plaintiff's allegations. Therefore, according to the *Harris* opinion, the district court did not abuse its discretion in refusing to disclose the investigation reports to the plaintiff.

The plaintiff also contends that the district court should have allowed him to depose Police Chief John Douglass to support the allegations in his motion. Again, the standard of review is abuse of the district court's discretion. See *Hill*, 263 Kan. at 704.

The district court stated that, other than informing the plaintiff of matters contained within the investigation records, the witness could not provide any information that would enable the plaintiff to demonstrate that the records were of public interest, thus, persuading the court to disclose the information contained within the records.

Since nothing contained within the records would promote a public interest, the plaintiff's motion in mandamus must fail regardless of any information he obtained from the custodian of the records, John Douglass. Therefore, the district court did not abuse its discretion in denying the plaintiff's request to depose Douglass.

Finally, the plaintiff argues that the district court erred in denying him a new trial or, in the alternative, failing to open, alter, or amend the judgment. He appears to claim that the district court violated his due process rights by failing to give adequate notice of the hearing in which the district court dismissed the case.

Whether a party to civil litigation is entitled to a new trial is a matter within the sound discretion of the district court, and the decision denying or granting a new trial will not be disturbed on appeal absent a showing of an abuse of discretion. See *Hoover v. Innovative Health of Kansas, Inc.*, 26 Kan. App. 2d 447, 454, 988 P.2d 287, *rev. denied* 268 Kan. 886 (1999) (citing *Cott v. Peppermint Twist Mgt. Co.*, 253 Kan. 452, 458, 856 P.2d 906 [1993]).

However, an abuse of discretion resulting in constitutional error must be reversed unless the appellate court is willing to declare that the error was harmless beyond reasonable doubt. In other words, the appellate court must find that the error had little likelihood, if any, of altering the outcome of the trial. See *Saucedo v. Winger*, 252 Kan. 718, 732, 850 P.2d 908 (1993).

Here, the plaintiff challenges the court's refusal to grant him a new trial, contending the district court failed to notify him that the hearing on his motion for a writ of mandamus would be considered together with the defendants' motion to dismiss the writ. This argument has no legal merit. As already noted, the district court examined the records in camera, determining that the contents of the records did not support the furtherance of any public interest. Nothing the plaintiff could have introduced could have altered the contents of those records.

The district court's refusal to grant a new trial to the plaintiff was not an abuse of its discretion.

Affirmed.