(136 P.3d 950)

No. 95,610

# In the Interest of J.D.C., A Minor Child Under the Age of Eighteen.

Opinion filed June 23, 2006.

*Richard W. Benson* and *Joe Huerter*, of The Law Firm of Tenopir and Huerter, of Topeka, for appellant natural mother.

*Amy M. Memmer*, assistant district attorney, and *Robert D. Hecht*, district attorney, for appellee.

Before MARQUARDT, P.J., LARSON, S.J., and WAHL, S.J.

MARQUARDT, J.: D.D. (Mother), natural mother of J.D.C., appeals the trial court's finding that J.D.C. is a child in need of care (CINC). We affirm.

Fourteen-year-old J.D.C. reported to her school counselor that she had been sexually assaulted by her stepfather, E.D. According to the counselor, J.D.C. claimed that E.D. would come into her room in the morning after J.D.C.'s mother left for work and would rub his hands over her breasts and put his hands under her shorts or underwear. J.D.C. would pretend to be asleep during the episodes. J.D.C. reported that the assaults had been occurring for several months. The counselor reported the incident to the Kansas Department of Social and Rehabilitation Services (SRS). SRS subsequently removed J.D.C. from the home.

J.D.C. was interviewed by SRS personnel. A sheriff's detective videotaped the interview. The videotape was played to the trial court over Mother's objections. The detective testified that he interviewed J.D.C. the day she reported the incidents to her counselor. During that interview, J.D.C. recounted the same events she had told her counselor. Mother objected to this testimony, arguing it was hearsay. The detective testified about emails E.D. and Mother sent to J.D.C. The emails instructed J.D.C. to recant her allegations and to whom and how J.D.C. should communicate the information. E.D. testified and acknowledged the existence of the emails. Mother testified that she did not believe J.D.C. had been sexually abused by E.D.

At the close of the State's CINC case, Mother moved to strike all the testimony, arguing it was hearsay since the State did not call J.D.C. to testify. The State argued the evidence was admissible under K.S.A. 60-460(a) or (dd). The trial court denied the motion, ruling that J.D.C. was available to testify under K.S.A. 60-460(a) and that Mother could call her and cross-examine her as to anything J.D.C. had said on the videotape. Mother did not call J.D.C. The trial court found J.D.C. to be a CINC. Mother appeals.

Mother argues that the trial court did not have substantial competent evidence to declare J.D.C. a CINC. The admission of evidence is within the sound discretion of the trial court. Accordingly, an appellate court will not reverse the trial court's decision absent a showing by the party attacking the ruling that the court abused its discretion. *Garrett v. Read,* 278 Kan. 662, 667, 102 P.3d 436 (2004).

In the Kansas Code for Care of Children, K.S.A. 38-1554 reads in relevant part:

"(a) In all proceedings under this code, the rules of evidence of the code of civil procedure shall apply, except that no evidence relating to the condition of a child shall be excluded solely on the ground that the matter is or may be the subject of a physician-patient privilege, psychologist-client privilege or social worker-client privilege."

Mother's primary argument is that J.D.C. must testify and be subject to cross-examination before her statements are admissible. She cites several Kansas cases for this position, including *State v. Speed*, 265 Kan. 26, 961 P.2d 13 (1998), *State v. Fisher*, 222 Kan. 76, Syl. ¶ 5, 563 P.2d 1012 (1977), and *City of Colby v. Cranston*, 27 Kan. App. 2d 530, 537, 7 P.3d 300, *rev. denied* 269 Kan. 931 (2000).

K.S.A. 60-460 reads in relevant part:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

(a) *Previous statements of persons present.* A statement previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness."

It is obvious that the statements by the counselor, the SRS investigator, the sheriff's detective, and the taped interview are hearsay as out-of-court statements presented to prove that J.D.C. had been sexually abused in the home. However, the cases cited by Mother are all criminal cases which involved a right of confrontation under the Sixth Amendment to the United States Constitution. A CINC case is a civil proceeding and the evidentiary safeguards guaranteed in a criminal case do not apply. See K.S.A. 38-1554.

In *Fisher*, the Kansas Supreme Court specifically held that "[i]n a criminal proceeding, the declarant must testify at trial before hearsay evidence of his out-of-court statements may be admitted under K.S.A. 60-460(a)." 222 Kan. 76, Syl. ¶ 5. However, *Fisher* was a criminal trial for indecent liberties and aggravated sodomy. The court's holding on this issue was tied directly to the Confrontation Clause. "For reasons of policy and fairness, *and to ensure*

*the right of confrontation is not abridged,* we hold that in a criminal proceeding the declarant must testify at trial before hearsay evidence may be admitted under K.S.A. 60-460(a)." (Emphasis added.) 222 Kan. at 82.

In *Cranston,* a DUI case, the State argued that a passenger's out-of-court statements were admissible because she was available to testify. This court found that pursuant to *Fisher,* her testimony was inadmissible pursuant to K.S.A. 60-460(a) because she had not in fact testified. The opinion goes on to find that the passenger's statements were admissible under K.S.A. 60-460(d)(1). 27 Kan. App. 2d at 537-38.

In *Speed,* the defendant was charged with murder, aggravated kidnapping, and aggravated robbery. On appeal he argued it was error to admit a coconspirator's out-of-court statements when that coconspirator did not testify. The Kansas Supreme Court agreed, citing *Fisher.* The court went on to find the coconspirator's statements were admissible under K.S.A. 60-460(i)(2). *Speed,* 265 Kan. at 41-42.

Mother cites an opinion from this court, *In re C.F.,* No. 64,098, unpublished opinion filed June 22, 1990, for support. *In re C.F.* was a CINC case where the parents were accused of physically abusing two of their children. During the trial, the judge allowed an SRS representative and a school nurse to testify about what the children had told them concerning the discipline allegedly administered by the parents and the source of the bruising on C.F.'s body. The trial court, over objection by the parents, did not permit C.F. or T.F. to testify. Without holding a hearing on the question, the judge found the children were per se unavailable as witnesses.

This court reversed the lower court because the trial court had not complied with the procedures in K.S.A. 60-460(dd). The court also noted that the hearsay statements did not appear to be admissible under any other exception found in K.S.A. 60-460. In addressing the State's argument that the error was harmless, the court stated:

"In the face of such extreme penalties [*i.e.,* potential criminal charges and termination of parental rights], and considering we deal with a parent's constitutional rights in these matters, we believe that the parties are entitled, at the very least,

to a trial that is conducted according to the rules established by the legislature and appellate courts of this state."

*In re C.F.* is distinguishable. First, factually, the trial court found the children were unavailable and did not allow the parents to examine them on direct or on cross-examination. In the instant case, the trial court ruled that J.D.C. was available and gave Mother the opportunity to cross-examine her as to anything J.D.C. said during the videotaped interview.

Second, the issue in *In re C.F.* revolved around the application of K.S.A. 60-460(dd). Here, the question is confined to K.S.A. 60-460(a) as the trial court specifically found K.S.A. 60-460(dd) was inapplicable because J.D.C. was available to testify on cross-examination. Third, arguably Mother was given the right to a trial according to the rules established by the legislature because there is no language in K.S.A. 60-460(a) that requires a declarant to testify at all. All that is required by the plain language of the statute is that the declarant be present and available for cross-examination.

Next, Mother goes to great length to outline the United States Supreme Court's shortcomings in interpreting the Sixth Amendment in the context of hearsay exceptions. She cites frequently from Swift, *Smoke and Mirrors: The Failure of the Supreme Court's Accuracy Rationale in White v. Illinois Requires a New Look at Confrontation*, 22 Cap. U.L. Rev. 145 (1993). The problem with this line of argument, as above, is that the law review article criticizes *White v. Illinois*, 502 U.S. 346, 116 L. Ed. 2d 848, 112 S. Ct. 736 (1992), and *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), both criminal cases, where the Supreme Court held that it was not a violation of the Confrontation Clause for a court to allow hearsay testimony in a criminal trial as long as it fit one of the firmly established exceptions to the hearsay rule or bears a particularized guarantee of trustworthiness. Again, these were criminal cases, not civil proceedings. Also, the holding in *Roberts* has been overruled in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). As *White* was based on *Roberts*, it also is arguably no longer good law.

In *Crawford*, the Court states that "the principle evil at which the Confrontation Clause was directed was the *civil-law mode* of

criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." (Emphasis added.) 541 U.S. at 50. This suggests that the Confrontation Clause was not directed at civil proceedings but only the use of civil law rules of evidence in criminal proceedings to the extent such procedures deprive a defendant of confronting the witnesses against him or her and allow a criminal conviction by affidavit or proxy. In a footnote, the Court reiterates that when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints on the use of prior testimonial statements. 541 U.S. at 59 n.9.

At least one other jurisdiction has come to this same conclusion.

"The Sixth Amendment to the United States Constitution states in part, ' "[i]n all *criminal prosecutions,* the accused shall enjoy the right . . . to be confronted with witnesses against him." ' U.S. Const. Amend. VI (emphasis supplied). The United States Supreme Court held in *Crawford v. Washington,* the Confrontation Clause from the Sixth Amendment bars admission of out-of-court testimonial statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177, 203 (2004). ' "A termination of parental rights hearing is a civil rather than criminal action, with the right to be present, to testify, and to confront witnesses subject to 'due limitations.' " *In re Faircloth,* 153 N.C.App. 565, 573, 571 S.E.2d 65, 71 (2002) (citing *In re Murphy,* 105 N.C.App. 651, 658, 414 S.E.2d 396, 400, *aff'd,* 332 N.C. 663, 422 S.E.2d 577 (1992); *In re Barkley,* 61 N.C.App. 267, 270, 300 S.E.2d 713, 715 (1983))." *In re D.R.,* 172 N.C. App. 300, 303, 616 S.E.2d 300 (2005).

Mother cites to one section of a law journal article which suggests that allowing the State to put on its evidence via hearsay without putting the declarant on the stand is burden shifting and makes it more difficult for a defendant, as he or she must wait until his or her case in chief to challenge any out-of-court statements. While this may be a valid public policy argument, especially when there is a trial to a jury versus to the court—as was the case here, the Kansas Supreme Court has directed that "[c]ourts should avoid making public policy where the statutory law has developed." *O'Bryan v. Columbia Ins. Group,* 274 Kan. 572, 575, 56 P.3d 789 (2002).

Finally, Mother suggests that not requiring the State to call J.D.C. as a witness before admitting her out-of-court statements is a violation of due process.

"It is well established that parents have fundamental rights in the custody and control of their children under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [Citation omitted.]" *In re Marriage of Kimbrell*, 34 Kan. App. 2d 413, 420, 119 P.3d 684 (2005).

"A due process violation can be established only if a claimant is able to establish that he or she was denied a specific procedural protection to which he or she was entitled. The question of the procedural protection that must accompany a deprivation of a particular property right or liberty interest is resolved by a balancing test, weighing (1) the individual interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that the additional or substitute procedures would entail." *In re Landrith*, 280 Kan. 619, 640, 124 P.3d 467 (2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 [1976]).

Mother misstates the procedural protection she claims was violated. According to Mother's brief, K.S.A. 60-460(a) provides for the admission of a declarant's out-of-court statement where the declarant is "present *and* testifying." Obviously this is not true, as the statute reads in relevant part:

"A statement previously made by a person *who is present at the hearing and available for cross-examination* with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness." (Emphasis added.) K.S.A. 60-460(a).

Also, the Kansas Supreme Court has determined in the context of a criminal case:

"The key factor in the exception to the hearsay rule contained in K.S.A. 60-460(a) is that the witness must be available at the trial for examination and cross-examination as to the out-of-court statements. The statute does not require that the witness be physically present in the courtroom at the time the hearsay testimony is given." *State v. Hicks*, 240 Kan. 302, Syl. ¶ 2, 729 P.2d 1146 (1986).

There is simply nothing in the plain language of the statute to support Mother's claim. "The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. [Citation omitted.]" *Landrith*, 280 Kan. at 640.

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Given that the plain language in K.S.A. 60-460(a) does not require a declarant to testify first, but only requires that the declarant be available for cross-examination, it appears Mother's due process argument fails because she has failed to show she was denied a specific procedural protection to which she was entitled.

Although not specifically briefed by Mother, it appears that the trial court did err in admitting the hearsay testimony of the counselor, the SRS investigator, and the sheriff's detective because the trial court only stated it would allow Mother to cross-examine J.D.C. as to the videotaped interview. Thus, without specifically saying so, the trial court in essence found J.D.C. unavailable to be cross-examined as to what she told these three witnesses. This clearly runs afoul of the statute.

While this may have been error, the question then becomes was it harmless error? Harmless error is error which does not prejudice the substantial rights of a party. It affords no basis for a reversal of a judgment and must be disregarded. *Hagedorn v. Stormont-Vail Regional Med. Center*, 238 Kan. 691, 701, 715 P.2d 2 (1986).

The harmless error analysis turns on the sufficiency of the evidence claim in light of the erroneous admission of several out-of-court statements. This court reviews a CINC adjudication for substantial competent evidence to support the trial court's finding. *In re H.A.M.*, 25 Kan. App. 2d 289, 296, 961 P.2d 716 (1998). Substantial evidence is such legal and relevant evidence as a reasonable person would accept as sufficient to support a conclusion. *In re J.D.D.*, 21 Kan. App. 2d 871, 874, 908 P.2d 633 (1995).

In the final analysis, the question is whether there was sufficient evidence contained in the videotaped interview to support a finding that J.D.C. was a CINC. The problem is that the tape played during the hearing is not part of the record on appeal, so this court has no way to evaluate the sufficiency of the evidence.

It is well settled that absent an objection, the trial court is presumed to have found all facts necessary to support its judgment. *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 706, 952 P.2d 1286 (1998). While Mother did object to the admission of this testimony at trial, she failed to include the videotaped interview that was played to the court in the record on appeal. The appellant has the burden to designate a record sufficient to establish a claimed error. Without an adequate record, the claim of alleged error fails. *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994).

Furthermore, as the State points out, there was evidence in the record showing that two of Mother's other children had been declared children in need of care. Pursuant to K.S.A. 38-1585(a)(3), Mother is presumed unfit, which would arguably be evidence to support a finding that J.D.C. is a CINC.

Here, without the videotape to analyze, the presumption is that the trial court had sufficient evidence to find J.D.C. was a CINC. Mother's second issue on appeal concerning a retrial is moot.

Affirmed.