NOT DESIGNATED FOR PUBLICATION

No. 116,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITIMORTGAGE, INC.,
*Appellee*,

v.

BOBBY J. SPENCER, *et al*.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed September 8, 2017. Affirmed.

*Constance L. Shidler*, of Smithyman & Zakoura, Chartered, of Overland Park, for appellants.

*Aaron M. Schuckman*, of Millsap & Singer, LLC, of St. Louis, Missouri, for appellee.

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM:  CitiMortgage, Inc. (Citi), the holder of a mortgage note, brought an action to foreclose on the mortgage of Bobby J. Spencer and Diane Spencer (the Spencers) after default of their loan. The district court granted Citi's motion for summary judgment and later denied the Spencers' motion for postjudgment relief under K.S.A. 2016 Supp. 60-259 and/or K.S.A. 2016 Supp. 60-260. The Spencers appeal the district court's denial of their motion for postjudgment relief, challenging Citi's standing to foreclose and arguing that they are entitled to additional discovery on this issue.

1

Because the record conclusively establishes that (1) the Spencers signed a promissory note secured by a mortgage; (2) Citi was the holder of the note executed by the Spencers and the Spencers' mortgage was assigned and recorded in favor of Citi; and (3) the Spencers were in default on the note, Citi was entitled to summary judgment on its mortgage foreclosure action as a matter of law. See *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013). Any disputed issue of fact raised by the Spencers was immaterial to the legal issues of whether Citi was the holder of the note and mortgage and had the legal authority to enforce those instruments. As a result, the district court did not abuse its discretion in denying the Spencers' motion for postjudgment relief under K.S.A. 2016 Supp. 60-259 and/or K.S.A. 2016 Supp. 60-260. Thus, this court affirms the decision of the district court.

FACTS

On April 5, 2002, Bobby J. Spencer, through his attorney in fact, Barbara Brown, executed and delivered a promissory note to Citizens Savings and Loan Association, FSB (Citizens), promising to pay Citizens the principal sum of $204,000 plus interest in monthly installments. As security for the note, the Spencers signed the mortgage on real property in Bonner Springs, Kansas, which was filed with the Leavenworth County Register of Deeds that same day. The note was endorsed by Citizens to Citi. Citi then endorsed the note "in blank." On April 18, 2002, Citizens assigned the mortgage to Citi.

The Spencers eventually defaulted on the note. Consequently, on January 6, 2011, Citi filed the foreclosure action which is the underlying subject matter of this case. On February 14, 2011, the Spencers each filed untimely answers and counterclaims, admitting to the execution of the note and mortgage but submitting general denials that a default had occurred or that they were indebted to Citi. The Spencers' counterclaims alleged breach of contract, tortious interference with a contract, fraud, malicious due process, loss of credit integrity, and loss of livelihood.

2

On February 15, 2011, the district court—unaware that the Spencers had answered Citi's petition—entered default judgment in favor of Citi. Thereafter, the Spencers filed numerous motions challenging the validity and enforcement of the default judgment order and seeking to allow their untimely answers. The court entered an order denying all the Spencers' motions and issued an Order of Sale against the Spencers' property to satisfy the judgment. The foreclosure sale was held on April 12, 2011, where Citi purchased the property for $255,577.

On April 28, 2011, the district court sua sponte entered an order vacating the default judgment entered on Citi's foreclosure action and the subsequent denial of the Spencers' postjudgment motions for relief. Thereafter, the court granted Citi's motion to dismiss the Spencers' counterclaims, leaving Citi's motion for foreclosure as the only remaining action before the court.

On January 20, 2012, Citi moved for summary judgment, alleging it was entitled to foreclosure based on the Spencers' default under the terms of the note and the mortgage. In response, the Spencers argued that Citi could not prove its entitlement to foreclose and alleged that they should be allowed discovery to corroborate and substantiate their defense to summary judgment. Following argument, the district court granted summary judgment in favor of Citi and issued another Order of Sale against the Spencers' property.

The Spencers filed a motion to alter or amend the judgment under K.S.A. 2010 Supp. 60-259. On March 31, 2012—before the motion could be heard by the district court—the Spencers filed a petition for relief under Chapter 13 of the Bankruptcy Code, which stayed the foreclosure proceedings and caused the cancellation of the scheduled sale of the property.

3

On January 5, 2016, the bankruptcy court lifted the stay to allow the district court to rule upon the Spencers' motion to alter or amend the summary judgment ruling. The Spencers filed a supplemental memorandum requesting relief from the district court's ruling under K.S.A. 2016 Supp. 60-259 (motion to alter or amend) and K.S.A. 2016 Supp. 60-260 (motion for relief from judgment). Specifically, the Spencers challenged Citi's standing to foreclose, arguing that Citi was not the owner of the loan at issue because it had caused the note and the mortgage to be separated and that Citi had willfully misled or perpetrated a fraud on the court with respect to the issue of ownership. In the alternative, the Spencers asked the court to reopen the case and allow additional discovery. Citi responded, claiming that it was entitled to foreclose because it was the holder of the note and the mortgage as the assignee of those instruments.

After review of the briefs submitted by the parties and hearing arguments from counsel, the district court denied the Spencers' motion for postjudgment relief. The court concluded:

> "[S]ummary judgment was not improperly entered in the proceeding and satisfactory proof was presented to the Court at both the hearing on the motion for summary judgment and the hearing on the instant motion to establish [Citi]'s standing to bring the instant suit and its right to enforce the note and mortgage at issue in this proceeding in accordance with Kansas law as the holder of the note and assignee of [the] mortgage."

The Spencers timely appeal.

ANALYSIS

The Spencers argue the district court erred in denying their request for postjudgment relief under K.S.A. 2016 Supp. 60-259 and/or K.S.A. 2016 Supp. 60-260. The Spencers claim, as they did below, that Citi lacked standing to foreclose and assert

4

that the district court should have granted their request for additional discovery on this issue.

A district court's decision under either K.S.A. 2016 Supp. 60-259 or K.S.A. 2016 Supp. 60-260 is reviewed for an abuse of discretion. See *Miller v. Johnson*, 295 Kan. 636, 677, 289 P.3d 1098 (2012) (motion to alter or amend); *In re Marriage of Leedy*, 279 Kan. 311, 314, 109 P.3d 1130 (2005) (motion for relief from judgment). Control of discovery is also entrusted to the sound discretion of the district court. *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 704, 952 P.2d 1286 (1998). A judicial action constitutes an abuse of discretion if the action is: (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the district court; (2) based on an error of law; or (3) based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

The main purpose of a mortgage is to insure the payment of a debt for which it provides security. Foreclosure is allowed when necessary to carry out that objective. See *Inda*, 48 Kan. App. 2d at 664. Promissory notes and mortgages are contracts between the parties, and the ordinary rules of construction applicable to contracts apply to them. *Carpenter v. Riley*, 234 Kan. 758, 763, 675 P.2d 900 (1984). To grant summary judgment in a mortgage foreclosure action, the district court must find undisputed evidence in the record that (1) the defendant signed a promissory note secured by a mortgage; (2) the plaintiff is the valid holder of the note and the mortgage; and (3) the defendant has defaulted on the note. *Inda*, 48 Kan. App. 2d at 664. A disputed question of fact which is immaterial to the controlling issue does not preclude summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106 (2013).

The Spencers do not contest that they signed the note and the mortgage and have defaulted on their payment obligation. Thus, the only requirement in dispute is whether

Citi is the valid holder of the note and the mortgage, and, as a result, had standing to foreclose on the mortgage. Standing is the "right to make a legal claim or seek enforcement of a duty or right." *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014). Whether a party has standing involves a question of law over which appellate courts have unlimited review. 298 Kan. at 1122.

A note is a negotiable instrument subject to Article 3 of the Kansas Uniform Commercial Code (UCC), K.S.A. 84-1-101 et seq. K.S.A. 2016 Supp. 84-3-104. Under K.S.A. 84-3-301, a "[p]erson entitled to enforce" an instrument can be any of the following:

> "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309 or 84-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

"'Holder'" means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2016 Supp. 84-1-201(b)(21)(A). Further, the UCC specifically provides for "blank endorsements." Under K.S.A. 84-3-205(b), a note can be endorsed "in blank," which means that the "instrument becomes payable to [the] bearer and may be negotiated by transfer of possession alone until specially endorsed."

The Kansas Supreme Court recently discussed the requirements to establish standing in a foreclosure proceeding:

> "[I]n order for a plaintiff to prevail in its mortgage foreclosure proceeding, it must establish both that it possessed enforcement rights in the note under Article 3 of the UCC, K.S.A. 84-3-301, and that those rights existed at the time it filed the action. This can be accomplished either through the pleadings, when faced with a motion for summary

6

judgment, or at trial. Possession or assignment of the mortgage alone when the foreclosure action is filed is not sufficient to establish standing, and the lack of standing cannot be cured by a post-petition assignment of a promissory note. The proper remedy for a lack of standing is dismissal without prejudice." *FV-I, Inc. v. Kallevig*, 306 Kan. 204, 228, 392 P.3d 1248 (2017).

When Citi filed its January 6, 2011, mortgage foreclosure action against the Spencers, it attached the Spencers' promissory note that was endorsed by Citizens to Citi, which Citi had endorsed "in blank." Citi also attached the mortgage that Citizens had assigned to it on April 18, 2002. The Spencers fail to present any evidence that Citi did not possess and hold the note and the mortgage at the time Citi's petition for foreclosure was filed. Thus, Citi established that it possessed enforcement rights, as the holder of the Spencers' note and mortgage, at the time it filed the foreclosure action. See K.S.A. 84-3-301; *FV-I*, 306 Kan. at 228.

The Spencers concede Citi's possession of the original note but suggest that the note and the mortgage were separated or split based on conflicting information about the assignment and servicing arrangement of the mortgage at the time Citi filed its motion for summary judgment in January 2012.

It is true that if "a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable." *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 540, 216 P.3d 158 (2009). But it is also true that "a promissory note and the mortgage securing it are, as a general rule, inseparable." *U.S. Bank NA v. McConnell*, 48 Kan. App. 2d 892, 906-07, 305 P.3d 1 (2013) (note holder acquires ownership of mortgage by having acquired note unless parties to the transfer agree otherwise); see *FV-I*, 306 Kan. at 227-28 (in absence of contrary intent expressed by parties, Kansas law favors keeping mortgage and right of enforcement of obligation it secures in hands of same person or entity). A

7

split between a note and a mortgage as contemplated in *Landmark Nat'l Bank* "would be rare or an exception." *FV-I*, 306 Kan. at 288.

There is no evidence in the record of an expressed agreement to split the note and the mortgage in this case. The note and the mortgage unmistakably refer to each other. Both documents were executed on the same date, have the same lender, have the same property address, and have the same maturity date. Thus, it is clear the parties intended for the instruments to remain together. Moreover, any claim that the note and mortgage were later separated due to assignment or liquidation is irrelevant given Citi's undisputed status as the holder of the note at the time it filed the foreclosure action. See *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011) (fact that holder is not owner who is entitled to keep proceeds for his or her own personal use does not affect holder's rights as holder to sue on the instrument); *FV-I*, 306 Kan. at 228 (note/mortgage split immaterial in case where "enforcement rights in the note are necessary to demonstrate a default that gives rise to the power to foreclose on the mortgage").

Because the record conclusively establishes that (1) the Spencers signed a promissory note secured by a mortgage; (2) Citi was the holder of the note executed by the Spencers and the Spencers' mortgage was assigned and recorded in favor of Citi; and (3) the Spencers were in default on the note, Citi was entitled to summary judgment on its mortgage foreclosure action as a matter of law. See *Inda*, 48 Kan. App. 2d at 664. Any disputed issue of fact raised by the Spencers was immaterial to the legal issues of whether Citi was the holder of the note and mortgage and had the legal authority to enforce those instruments. See *Northern Natural Gas Co.*, 296 Kan. at 935 (if facts pertinent to material issues are not disputed, summary judgment may be appropriate even when discovery is unfinished); *Kincaid v. Dess*, 48 Kan. App. 2d 640, 656, 298 P.3d 358 (2013) ("A party cannot avoid summary judgment on the mere hope that something may develop later during discovery or at trial."). As a result, the district court did not abuse its discretion in

8

denying the Spencers' motion for postjudgment relief under K.S.A. 2016 Supp. 60-259 and/or K.S.A. 2016 Supp. 60-260.

Affirmed.