658

(303 P.3d 696)
No. 107,999

BANK OF AMERICA, N.A., Successor by merger to BAC HOME LOANS SERVICING, L.P., *Appellee*, v. DENNIS O. INDA, *Appellant*.

Opinion filed March 8, 2013.

*Dennis O. Inda,* appellant pro se.

*Robert E. Lastelic,* of South & Associates, P.C., of Overland Park, for appellee.

Before ARNOLD-BURGER, P.J., GREEN, J., and HEBERT, S.J.

GREEN, J.: Bank of America, the mortgage note holder, brought an action to foreclose on Dennis Inda's mortgage after he defaulted on his loan. The trial court granted Bank of America's motion for summary judgment, finding that Bank of America was the holder of the note (Note) and the mortgage (Mortgage) and that Inda had defaulted on the loan. We affirm.

On March 30, 2007, Inda executed and delivered the Note to Pulaski Bank (Pulaski), promising to pay Pulaski the principal sum of $244,000 plus interest in monthly installments. As security for the Note, Inda and his wife, Jacque Gichuki, signed the Mortgage on their Olathe home, which was filed with the Johnson County register of deeds on April 3, 2007.

The Mortgage defines the Mortgage Electronic Registration Systems, Inc. (MERS), a separate corporation, as the mortgagee and states that MERS is acting "solely as nominee" for Pulaski and Pulaski's successors and assigns.

The Note was endorsed by Pulaski to Countrywide Bank, N.A. Countrywide Bank, FSB, formerly known as Countrywide Bank N.A., endorsed the Note to Countrywide Home Loans, Inc. Countrywide Home Loans, Inc., then endorsed the Note "in blank."

*Inda challenged Bank of America's standing to foreclose.*

Inda eventually defaulted on the Note, so on January 25, 2010, Bank of America filed the foreclosure action which is the underlying subject matter of this case.

Inda challenged Bank of America's standing to foreclose arguing that Bank of America was not the owner of the Note. Inda maintained that Bank of America was simply the servicer of the Note and not the owner; therefore, it did not have standing to foreclose. Inda further contended that Bank of America committed fraud by alleging that it was the owner of the Note at times while also alleging that it was the servicer of the Note.

Bank of America primarily responded that it had standing to foreclose based simply on its holding of both the Note and the Mortgage. To show its interest in the Note, Bank of America provided the trial court with the original Note which contained the three previous endorsements showing that the last endorsement was "in blank." Moreover, to show its interest in the Mortgage, Bank of America provided the trial court with the assignment of the Mortgage to BAC Home Loans Servicing, LP., as well as the Certificate of Merger of BAC Home Loans Servicing, LP., into Bank of America. Bank of America also informed the trial court that it had sold its beneficial interest in the Note to Freddie Mac, making Freddie Mac the owner of the Note, but that Bank of America continued to possess the Note.

*The trial court held Bank of America had standing to foreclose.*

Following a hearing on the parties' competing motions for summary judgment, during which the sole issue argued was Bank of America's standing to foreclose, the trial court entered judgment in Bank of America's favor. In support, the trial court reasoned that Bank of America was the holder of the Note and it therefore had the authority to enforce the Note and the Mortgage. Upon the trial court's denial of his motion to set aside judgment, Inda filed this pro se appeal.

Before we can address Inda's arguments, we need to address a jurisdiction argument raised by Bank of America. Bank of America argues that we do not have jurisdiction to consider whether the trial court erred in granting summary judgment in favor of Bank of America because Inda did not timely appeal that judgment. Bank of America notes that under K.S.A. 2012 Supp. 60-2103(a) an appeal must be made within 30 days after the judgment, unless there

was a posttrial motion filed that tolled the time to appeal. Bank of America contends that Inda's posttrial motion was not one of the motions that extended the time to appeal and, therefore, Inda failed to timely appeal the grant of summary judgment in favor of Bank of America. Bank of America maintains that the only judgment properly before this court is the judgment denying Inda's posttrial motion filed under K.S.A. 2012 Supp. 60-260.

As Bank of America properly states, a timely posttrial motion stops the appeal time from running. See *State ex rel. Secretary of SRS v. Mayfield*, 25 Kan. App. 2d 452, Syl. ¶ 4, 966 P.2d 85 (1998). The time starts running again in its entirety on the date of entry of the order ruling upon the posttrial motion. K.S.A. 2012 Supp. 60-2103(a). K.S.A. 2012 Supp. 60-2103(a) lists the only timely posttrial motions that extend the time for appeal: (1) renewal of motion for judgment as a matter of law under K.S.A. 2012 Supp. 60-250(b); (2) motion to amend or make additional findings of fact under K.S.A. 2012 Supp. 60-252(b); (3) motion for new trial other than motions for new trial based on newly discovered evidence under K.S.A. 2012 Supp. 60-259; and (4) motions to alter or amend the judgment under K.S.A. 2012 Supp. 60-259(f). Motions to reconsider are generally treated as motions to alter or amend the judgment under K.S.A. 2012 Supp. 60-259(f). *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). Moreover, a K.S.A. 2012 Supp. 60-260 motion for relief from judgment does not extend the time for appeal. *Giles v. Russell*, 222 Kan. 629, 632, 567 P.2d 845 (1977); see *State ex rel. Secretary of SRS v. Keck*, 266 Kan. 305, 969 P.2d 841 (1998).

In this case, Inda filed a posttrial motion entitled "Defendant's Motion to Set Aside Summary Judgment." The motion states that Inda seeks relief from judgment under K.S.A. 2012 Supp. 60-260. As stated earlier, K.S.A. 2012 Supp. 60-260 does not extend the time for appeal. Nevertheless, the content of the motion, not the heading, determines the type of motion, and pro se motions are to be liberally construed. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010); *In re Marriage of Hansen*, 18 Kan. App. 2d 712, 714, 858 P.2d 1240 (1993).

In denying the motion, the trial judge stated:

"[T]hese are not the kind of arguments that are available to a party under K.S.A. 60-260. Which is a motion to set aside a judgment, or relief from judgment or order, for some specific reasons. None of those reasons are advanced to the Court today. So if I am to take the—treat this really as a K.S.A. 60-260 motion, there's really no basis for it.

. . . .

"I looked at whether or not this might be some sort of a reconsideration motion under K.S.A. 60-259, thinking that perhaps we don't get too hung up over what people call their papers. We try to look at what they're really trying to accomplish and see if that provides them an opportunity for relief.

"I don't really think this is a motion under [K.S.A. 60-]259. I think you're really—what you're really trying to do is, you're really trying to bring to my attention some points that you think are error in the decision that I made on the summary judgment motion. . . .

"The Court feels, in this instance, however, that what you believe to be errors, were not errors. The Court is satisfied that it made the correct ruling on the points that you have raised, and that your motion for relief should be denied. And is denied."

Considering the motion and the comments made by the trial judge, we determine that under K.S.A. 2012 Supp. 60-260, Inda's motion could be considered a motion to reconsider or motion to alter or amend the judgment. In his motion, Inda does not raise any new arguments; he simply reiterates his summary judgment arguments and argues that the trial court erred in granting summary judgment. Thus, because this motion fits within one of the exceptions that extends the time to appeal, Inda's notice of appeal was timely filed. Also, although Inda filed his notice of appeal 8 days before the trial court filed the order denying his posttrial motion, but after the trial court announced its judgment on the order, his notice of appeal is still timely under Kansas Supreme Court Rule 2.03 (2012 Kan. Ct. R. Annot. 11).

As a result, the issues of granting summary judgment in favor of Bank of America and the denial of Inda's posttrial motion are both properly before this court. Nevertheless, we will not address whether the trial court properly denied Inda's posttrial motion because Inda has failed to brief this issue. An issue not briefed by an appellant is deemed waived and abandoned. See *State v. McCaslin*, 291 Kan. 697, 709, 245 P.3d 1030 (2011).

*Did the trial court err in granting summary judgment in favor of Bank of America?*

*Standard of review*

The standards for granting summary judgment are well known. When the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011). In addition, to the extent this case involves a jurisdictional question, that being whether Bank of America has standing to bring this foreclosure action, our review is unlimited. *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, Syl. ¶ 1, 189 P.3d 494 (2008).

*The elements of a mortgage foreclosure action*

"The main purpose of a mortgage is to insure the payment of the debt for which [it] stands as security; and foreclosure is allowed when necessary to carry out that objective." *United States v. Loosley*, 551 P.2d 506, 508 (Utah 1976). Therefore, in order to grant summary judgment in a mortgage foreclosure action, the trial court must find undisputed evidence in the record that the defendant signed a promissory note secured by a mortgage, that the plaintiff is the valid holder of the note and the mortgage, and that the defendant has defaulted on the note. See *Cornerstone Homes v. Skinner*, 44 Kan. App. 2d 88, 97-98, 235 P.3d 494 (2010). So in this case, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact regarding (1) Bank of America's beneficial interest in the Note signed by Inda; (2) Bank of America's beneficial interest in the Mortgage signed by Inda and

his wife to secure the Note; and (3) a default on the Note by Inda, then Bank of America is entitled to judgment as a matter of law.

*It is undisputed that Inda is in default on the Note*

The third condition, or element, for foreclosure is met on the undisputed record facts. Inda is in default on the Note. Although Inda denied the later default, he admitted that the last payment on the Note was made on November 2, 2009, which constituted a default. This admission by Inda is sufficient to show that Inda was in default on the Note.

*The issue centers on Bank of America's interest in the Note and the Mortgage*

The main issue here is whether the record supports the trial court's finding that Bank of America was the undisputable holder of the Note and therefore summary judgment was proper on the issue of its standing to foreclose on the Mortgage as collateral for the Note.

Inda argues that Bank of America is merely the servicer of the Note and is not the actual owner of the Note or the holder of the Note. Inda maintains that Bank of America is not the beneficial owner of the Note because it sold its interest in the Note to Freddie Mac and thus is now merely a servicer without standing to bring a foreclosure action. Inda further argues that Bank of America has not produced any evidence that Freddie Mac has authorized Bank of America to act on its behalf in seeking foreclosure.

On the other hand, Bank of America contends that it is the holder of the Note. Bank of America admitted that although Freddie Mac owned the Note, Bank of America was in possession of the Note and was therefore the holder of the Note.

In Kansas, a note is a negotiable instrument which is subject to Article 3 of the Kansas Uniform Commercial Code (UCC), K.S.A. 84-1-101 *et seq.* K.S.A. 2012 Supp. 84-3-104. Under K.S.A. 84-3-301, a person entitled to enforce an instrument can be any of the following:

"(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument under K.S.A. 84-3-309 or 84-3-418(d).

A person may be a person entitled to enforce the instrument *even though the person is not the owner of the instrument* or is in wrongful possession of the instrument." (Emphasis added.)

" 'Holder' " means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2012 Supp. 84-1-201(21)(A).

" '[A] person who is a holder remains a holder although that person has made an assignment of a beneficial interest therein.' [Citation omitted.] 'Consequently, the payee in possession of a note is the holder and may bring suit on the note even though the payee had already assigned the note as the holder of an instrument whether or not he is the owner may . . . enforce payment in his own name.' [Citation omitted.]" *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011).

Further, under K.S.A. 84-3-205(b), like in this case, a note can be endorsed "in blank," which means that the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specifically endorsed.

Based on these provisions of the UCC, Bank of America was entitled to enforce the Note against Inda upon a showing (1) that the Note was made payable to Bank of America or was endorsed in blank and (2) that Bank of America remained in possession of the note.

In this case, Inda signed a promissory note to Pulaski, secured by a real estate mortgage that he and his wife both gave to MERS as nominee of Pulaski. Documents submitted to the court show that the Note was thereafter endorsed to Countrywide Bank, N.A.; Countrywide Bank, FSB, formerly known as Countrywide Bank, N.A., endorsed the Note to Countrywide Home Loans, Inc.; and Countrywide Home Loans, Inc., endorsed the Note "in blank." We also note that Bank of America presented the original Note to the trial court.

As a result, Bank of America is the holder of the Note because Bank of America presented the original Note to the trial court, which showed the three previous endorsements, with the last endorsement made "in blank." Moreover, as stated earlier, a person may be entitled to enforce an instrument even though the person is not the owner of the instrument. K.S.A. 84-3-301; see also *In re*

*Martinez*, 455 B.R. at 763 (the fact that a holder is not the owner who is entitled to keep the proceeds for his or her own personal use does not affect the holder's right as holder to sue on the instrument). Therefore, Bank of America had the authority under the UCC to enforce the Note even though it had sold the beneficial interest in the Note to Freddie Mac. This was true regardless of whether Freddie Mac expressly authorized Bank of America to enforce the Note.

The next issue we must determine is whether Bank of America had the authority to enforce the Mortgage. Under Kansas mortgage law, because Bank of America was the holder of the Note, Bank of America was also the holder of the Mortgage. Generally, the mortgage follows the note. See *Kurtz v. Sponable*, 6 Kan. 395, 397 (1870) (stating that "[u]nder our laws, the mortgage is but appurtenant to the debt; a mere security; and, under ordinary circumstances, whoever owns the debt, owns the mortgage"); see K.S.A. 2012 Supp. 84-9-203(g). Therefore, a perfected claim to the note is equally perfected as to the mortgage. See *Federal Land Bank of Wichita v. Krug*, 253 Kan. 307, 314, 856 P.2d 111 (1993).

In this case, the Mortgage stated that it was held by MERS "solely as nominee" for Pulaski and Pulaski's successors and assigns. Bank of America furnished the court with an assignment of the Mortgage to BAC Home Loans Servicing, LP., as well as the Certificate of Merger of BAC Home Loans Servicing, LP., into Bank of America. Thus, Bank of America has sufficiently proven that it was the successor to the Mortgage; therefore, it had the authority to enforce the Mortgage.

Thus, because the record conclusively establishes that at all times Bank of America was the holder of the Note executed by Inda, that Bank of America was the successor to the Mortgage, and that Inda was in default on the Note, Bank of America was entitled to summary judgment on its mortgage foreclosure action as a matter of law.

### Inda's remaining claims

In addition to the appropriateness of the trial court's granting of summary judgment, Inda raised several other issues.

*Fraud*

Next, Inda argued that Bank of America committed fraud by asserting that it was the holder of the Note. Inda contends that by claiming to be the holder of the Note, Bank of America is in contravention in its agreement with the owner, Freddie Mac.

The elements required to sustain an action for fraud include: " ' "[1] an untrue statement of fact, [2] known to be untrue by the party making it, [3] made with the intent to deceive or with reckless disregard for the truth, [4] upon which another party justifiably relies and [5] acts to his or her detriment." ' " *Mortgage Electronics Registration Systems v. Graham*, 44 Kan. App. 2d 547, 555, 247 P.3d 223 (2010) (quoting *Bomhoff v. Nelnet Loan Services, Inc.*, 279 Kan. 415, 422, 109 P.3d 1241 [2005]; PIK Civ. 4th 127.40).

Although the existence of fraud is normally a question of fact, when a plaintiff fails to present any evidence of an essential element of his or her claim in responding to motion for summary judgment, " 'there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.' " *Crooks v. Greene*, 12 Kan. App. 2d 62, 64-65, 736 P.2d 78 (1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 [1986]).

The untrue statement of fact that Inda relies on is the statement that Bank of America is the holder of the Note. As explained earlier, we found this statement to be true; therefore, Inda's fraud argument fails on the first element. When a plaintiff lacks evidence to establish an essential element of his or her claim, summary judgment is appropriate. *Graham*, 44 Kan. App. 2d at 555. Therefore, the trial court properly granted summary judgment on Inda's fraud claim.

*Deceptive acts and practices*

Additionally, in Inda's brief, he contends that Bank of America engaged in deceptive acts or practices, but he failed to present any facts or cite any authority to support the allegation. Instead, Inda broadly suggested that "[t]he consent order and the servicing guides, outline several practices that the plaintiff [Bank of America]

should have adhered to." Again, issues not briefed are deemed abandoned. See *McCaslin*, 291 Kan. at 709.

### Clean hands

Inda also contends that the equitable doctrine of clean hands bars Bank of America's motion for summary judgment concerning its foreclosure action. Inda maintains that he was enticed into entering into a loan modification and was told to stop making mortgage payments until his modification was either approved or denied. The doctrine of "clean hands" is applied sparingly and only to "willful conduct which is fraudulent, illegal or unconscionable" that "shock[s] the moral sensibilities of the judge." *Green v. Higgins*, 217 Kan. 217, 221, 535 P.2d 446 (1975). Here, there is no evidence that Bank of America's conduct was fraudulent, illegal, or unconscionable. Thus, the doctrine of clean hands does not apply here.

### Kansas Supreme Court Rule 141

Finally, Inda argues that the trial court erred in granting summary judgment in favor of Bank of America because Bank of America's motion did not comply with Kansas Supreme Court Rule 141 (2012 Kan. Ct. R. Annot 247). Bank of America concedes that the trial court stated that both parties failed to fully comply with Rule 141. Bank of America notes that the trial court stated that it would hear the motions nevertheless. Bank of America further contends that it substantially complied with Rule 141, and any failure to comply with Rule 141 constituted harmless error; therefore, the trial court's grant of summary judgment in Bank of America's favor should be upheld.

During the hearing on Inda's motion for summary judgment, the trial judge stated:

"In some of your [Bank of America's] papers, both in the motion and in your reply to Mr. Inda's motion for summary judgment, you also failed to comply with Rule 141, and failed to set out clearly, make the statement that they were statements were controverted, and when controverted, failed to set out the facts as you assert them to be with precise reference.

"So both of you have failed to comply with Rule 141 of the Supreme Court. . . And a way to deal with . . . these motions . . . would have been simply to cite that rule and to deny both of your motions. . . .

"But I chose not to do that . . . . I prefer to hear your arguments and rule on the substance of your arguments in this particular case."

As recognized in *McCullough v. Bethany Med. Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984), the purpose of Rule 141 is to identify "what facts are or are not controverted" or "on what evidence the parties rely." Our Supreme Court has stated that a technical violation of Rule 141 does not automatically result in judgment for the opposing party. See *City of Arkansas City v. Bruton*, 284 Kan. 815, 836-37, 166 P.3d 992 (2007). Also as held in *Calver v. Hinson*, 267 Kan. 369, 377-78, 982 P.2d 970 (1999), substantial compliance with Rule 141 can be enough.

Inda would have this court reverse the entry of summary judgment on the ground that the trial court considered Bank of America's motion for summary judgment despite its having failed to comply with Rule 141, irrespective of harm or substantial compliance. Here, clearly the trial court found that Bank of America substantially complied with Rule 141. After reviewing the motions, we hold that any Rule 141 violations here did not prevent the trial court from granting summary judgment in favor of Bank of America.

Affirmed.