NOT DESIGNATED FOR PUBLICATION

No. 112,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GREEN TREE SERVICING, LLC,
*Appellee,*

v.

BRIAN S. CHILCOAT, *et al.*,
*Appellants*.

MEMORANDUM OPINION

Appeal from Douglas District Court; ROBERT W. FAIRCHILD, judge. Opinion filed October 9, 2015. Affirmed.

*John R. Hooge*, of Lawrence, for appellants.

*Andrew G. Shireman* and *David L. Boman*, of SouthLaw, P.C., of Overland Park, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam:* Asking us to reverse a long-standing policy in Kansas that the "mortgage follows the note," Brian and Kelley Chilcoat contend that Green Tree Servicing, LLC had no standing to foreclose their mortgage. We decline their invitation. We affirm the district court's summary judgment of foreclosure.

*The Chilcoats did not pay as promised.*

Brian and Kelley Chilcoat borrowed $292,900 from New Century Mortgage Corporation and signed a note in that amount. The note was secured by a mortgage securing repayment of the note to Mortgage Electronic Registration Systems, Inc., as a nominee for New Century's successors and assigns. The mortgage granted a security interest in the lot at 1406 Redleaf Place in Lawrence. The mortgage was recorded with the Douglas County Register of Deeds.

New Century assigned the note and mortgage to Countrywide Home Loans, Inc., which in turn, endorsed the note in blank and assigned the mortgage to Green Tree Servicing, LLC on May 15, 2013. Green Tree had physical possession of the original note.

The Chilcoats have not made any payments on the note since January 1, 2011. The Chilcoats subsequently sought relief under Chapter 13 of the United States Bankruptcy Code.

Green Tree filed a foreclosure action seeking to foreclose the note and mortgage executed by the Chilcoats, who owed $309,852.70 plus interest and other additional costs provided for under the note and mortgage. Fannie Mae is the owner of the note and mortgage, and Green Tree was acting as servicer of the debt for Fannie Mae as holder of the note and assignee of the mortgage.

*The Chilcoats sought to prevent foreclosure.*

Green Tree moved for summary judgment. In response, the Chilcoats advanced two theories on why Green Tree could not enforce the note or mortgage. First, the

Chilcoats argued that Green Tree could not enforce the note because it had not shown that it was in possession of the original note, or that the note was properly endorsed.

The Chilcoats also argued that Kansas appellate courts are wrong in relying on Article 3 of the Kansas Uniform Commercial Code to find that a holder of a note has standing to foreclose because the phrases "the mortgage follows the debt" and the "mortgage follows the note" are not interchangeable. The Chilcoats claimed that even if Green Tree had possession of a properly endorsed note it still did not have standing to enforce the mortgage under Article 3 of the UCC because that right belonged to the owner of the debt, Fannie Mae. The Chilcoats asserted that Article 9 of the UCC, or more specifically K.S.A. 2014 Supp. 84-9-203(g), controlled whether Green Tree had standing to foreclose, and because Green Tree did not show it gave "value" to Fannie Mae for the note or buy the debt, the mortgage did not follow the note.

At the summary judgment hearing in July 2014, Green Tree produced the original note endorsed in blank. After hearing arguments, the district court granted Green Tree's motion for summary judgment.

Since there is no factual dispute here, we treat this as a matter of unlimited review. See *David v. Hett*, 293 Kan. 679, 682, 270 P.3d 1102 (2011).

*The elements of a mortgage foreclosure action.*

The primary purpose of a mortgage is to insure the payment of the debt for which it provides security, and foreclosure is allowed when necessary to carry out that objective. See *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013). Promissory notes and mortgages are contracts between the parties to which the ordinary rules of contract construction apply. *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 223, 286 P.3d 1150 (2012). To grant summary judgment in a mortgage foreclosure

3

action, the district court must find undisputed evidence in the record that (1) the defendant signed a promissory note secured by a mortgage; (2) the plaintiff is the valid holder of the note and the mortgage; and (3) the defendant has defaulted on the note. *Inda*, 48 Kan. App. 2d at 664.

*The Chilcoats have defaulted on the note.*

The first and third elements for foreclosure are satisfied here based on the undisputed record. The Chilcoats do not contest that they signed the note and mortgage and have not made a payment on the note since January 1, 2011.

The dispositive issue here is whether the record supports the district court's finding that Green Tree was the valid holder of both the note and mortgage, making summary judgment proper.

A note is a negotiable instrument subject to Article 3 of the UCC. K.S.A. 2014 Supp. 84-3-104; *Inda*, 48 Kan. App. 2d at 665. Under K.S.A. 84-3-301, a "[p]erson entitled to enforce" an instrument can be any of the following:

> "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309 or 84-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

"'Holder'" means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2014 Supp. 84-1-201(b)(21)(A). Further, the UCC specifically provides for "blank endorsements." Under K.S.A. 84-3-205(b), as in this case, a note can be endorsed "in

blank," which means that the "instrument becomes payable to [the] bearer and may be negotiated by transfer of possession alone until specially endorsed."

*Green Tree is entitled to judgment.*

We agree with the *Inda* panel. In *Inda,* the defendant argued that Bank of America lacked standing to foreclose because it had sold its beneficial interest in the mortgage to Freddie Mac and was merely the servicer of the note, and not the owner of the debt. The bank, however, argued that it had standing based on its holding of both the note and the mortgage. The bank produced the original note, endorsed in blank, and the assignment of the mortgage to show its interest in the note. The district court granted summary judgment in favor of the bank, reasoning that the bank had the authority to enforce the note and the mortgage because it was the holder of the note.

In affirming, this court adopted the principle that a person who is entitled to enforce a negotiable instrument under K.S.A. 84-3-301 is entitled to enforce the instrument regardless of whether he or she is the owner of the instrument or has a beneficial interest therein. Because the bank was in possession of the note, which was endorsed in blank, this court found the bank had standing to enforce both the note and mortgage despite having sold the beneficial interest in the underlying debt. *Inda*, 48 Kan. App. 2d at 666-67; see *Metlife Home Loans*, 48 Kan. App. 2d at 225; *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011).

At this point, the legal requirements are simple. Green Tree was entitled to enforce the note against the Chilcoats upon a showing that: (1) the note was made payable to Green Tree or was endorsed in blank; and (2) Green Tree remained in possession of the note. See K.S.A. 84-3-205(b); K.S.A. 84-3-301.

5

There is no dispute that Green Tree has physical possession of the note and that the note is endorsed in blank. Green Tree presented the original note to the district court, and the Chilcoats have abandoned their arguments to the contrary. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Therefore, it is clear that Green Tree had the authority to enforce the note under K.S.A. 84-3-301, regardless of whether it had a beneficial interest in the underlying debt. See *Inda*, 48 Kan. App. 2d at 666-67.

In Kansas, the holder of the note is also the holder of the mortgage securing it. *U.S. Bank NA v. McConnell*, 48 Kan. App. 2d 892, 900, 305 P.3d 1, *rev. denied* 298 Kan. 1208 (2013); see *Inda*, 48 Kan. App. 2d at 667. In *Metlife Home Loans*, this court confirmed that the common-law concept of the mortgage following the note remains good law. 48 Kan. App. 2d at 224.

Here, Green Tree produced an assignment of the mortgage that, both by the terms of the assignment and by statute, carried the note with it. The assignment of the mortgage specifically provided it conveyed to Green Tree "all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage."

The Chilcoats do not dispute that the mortgage was assigned to Green Tree on May 15, 2013. The Chilcoats summarily denied the proper assignment of the mortgage to Green Tree in their response to Green Tree's summary judgment motion, alleging that the assignment referred to as Exhibit C attached to the motion assigned the mortgage to Countrywide.

However, Green Tree, in its reply to the Chilcoats, pointed out that the correct assignment from Countrywide to Green Tree on May 15, 2013, or Exhibit C, was attached to its petition. Because the Chilcoats failed to present evidence supported by affidavits or declarations that sufficiently disputed Green Tree's claim regarding its status as the assignee of the mortgage, this fact is deemed admitted. See K.S.A. 2014 Supp. 60-256; Supreme Court Rule 141 (2014 Kan. Ct. R. Annot. 257).

We also note that because Green Tree, as the valid holder of the note, retained a beneficial interest sufficient to give it standing to initiate a foreclosure action, it did not need that assignment in order to vest it with a beneficial interest. See *MetLife Home Loans*, 48 Kan. App. 2d at 225.

The record conclusively establishes that Green Tree was the valid holder of the note executed by the Chilcoats, which was endorsed in blank, that the Chilcoats' mortgage was assigned and recorded in favor of Green Tree, and the Chilcoats were in default on the note. Thus, Green Tree was entitled to summary judgment on its mortgage foreclosure action as a matter of law. Furthermore, we reject any suggestion that Article 9 comes into play where a holder in due course status is asserted under Article 3, or K.S.A. 84-3-301. See *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 13, 774 P.2d 919 (1989).

Affirmed.