NOT DESIGNATED FOR PUBLICATION

No. 112,493

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BANK OF AMERICA, N.A.,
*Appellee,*

v.

DELWIN CHRISTENSEN,
a/k/a DELWIN W. CHRISTENSEN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; MICHAEL J. MALONE, judge. Opinion filed October 9, 2015.
Affirmed.

*John R. Hooge*, of Lawrence, for appellant.

*Andrew G. Shireman*, of SouthLaw, P.C., of Overland Park, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam:* Delwin Christensen asks us to reverse the long-standing policy in
Kansas that the "mortgage follows the note." We decline. Instead, we affirm the district
court's grant of summary judgment to the Bank of America, N.A.

*Christensen borrowed money and did not pay it back as agreed.*

Christensen borrowed $128,250 from Countrywide Home Loans, Inc., and signed
a note and mortgage to secure the repayment of the debt. The mortgage was to Mortgage

1

Electronic Registration Systems, Inc., as a nominee for Countrywide. We will refer to the system as MERS. The mortgage granted a security interest in the lot located at 436 Louisiana Street in Lawrence. The mortgage was recorded with the Douglas County Register of Deeds.

Countrywide endorsed the note in blank. Countrywide is now Bank of America, N.A. We will refer to it as the Bank. It has physical possession of the original note as part of its business records. The Bank came into physical possession of the mortgage after the filing of this foreclosure action.

Christensen has not made any payments on the note since June 1, 2009. On November 12, 2009, Christensen filed for relief under Chapter 7 of the United States Bankruptcy Code. He was discharged from bankruptcy on February 29, 2010.

On November 12, 2010, the servicing agent for Countrywide, now the Bank, filed a foreclosure action in Douglas County District Court seeking the foreclosure of the note and mortgage executed by Christensen. It sought an *in rem* judgment for $125,043.81 plus interest.

The Bank moved for summary judgment, arguing that as the holder of the note it had standing to enforce the mortgage under Article 3 of the Kansas Uniform Commercial Code or, more specifically, K.S.A. 84-3-301.

In reply, Christensen filed a cross-motion for summary judgment, asserting that the Bank could not enforce the mortgage under Article 3 even if it held the note because the mortgage followed the debt, not the note, and, thus, only Fannie Mae as the owner of the debt could enforce the mortgage under Article 9 of the UCC.

Christensen also argued that the October 23, 2009, assignment from MERS to the Bank was invalid because Fannie Mae, as the owner of the debt, also owned the mortgage and the Bank did not show it gave "value" to Fannie Mae for the debt as required under Article 9.

After hearing arguments, the district court granted the Bank's motion for summary judgment, finding that it had standing to enforce the note by virtue of it being the holder of the blank-endorsed note and that the mortgage MERS assigned to the Bank prior to foreclosure followed the note, despite the fact that Fannie Mae owned the debt. The district court also found that the assignment from MERS to the Bank was valid because MERS was acting in its capacity as an agent for Fannie Mae and, thus, remained the mortgagee of record upon the sale of the note, but only as the nominee of the purchaser of the note—in this case, Fannie Mae.

On appeal, Christensen continues to challenge the Bank's standing to enforce the mortgage. He argues that for 140 years when Kansas courts used the phrase "the mortgage follows the note," they truly meant "the mortgage follows the debt." Specifically, Christensen argues that the Bank did not have standing to enforce the note under K.S.A. 84-3-301 or Article 3 because it was only the holder of the note, not the owner of the debt and, thus, Article 9 controlled whether the Bank had standing to foreclose the mortgage.

Since there is no factual dispute here, we will review this order granting summary judgment de novo. *David v. Hett*, 293 Kan. 679, 682, 270 P.3d 1102 (2011).

The primary purpose of a mortgage is to insure the payment of the debt for which it provides security, and foreclosure is allowed when necessary to carry out that objective. *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013). Promissory notes and mortgages are contracts between the parties to which the ordinary

3

rules of contract construction apply. *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 223, 286 P.3d 1150 (2012). To grant summary judgment in a mortgage foreclosure action, the district court must find undisputed evidence in the record that: (1) the defendant signed a promissory note secured by a mortgage; (2) the plaintiff is the valid holder of the note and the mortgage; and (3) the defendant has defaulted on the note. *Inda*, 48 Kan. App. 2d at 664.

*Christensen is in default on the note.*

The first and third elements for a mortgage foreclosure are met by the undisputed facts. Christensen does not contest he signed the note and mortgage. Nor does Christensen contest that he has not made a payment on the note since June 1, 2009.

A note is a negotiable instrument subject to Article 3 of the UCC. K.S.A. 2014 Supp. 84-3-104; *Inda*, 48 Kan. App. 2d at 665. Under K.S.A. 84-3-301, a "[p]erson entitled to enforce" an instrument can be any of the following:

> "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309 or 84-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

"'Holder'" means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2014 Supp. 84-1-201(b)(21)(A). Further, the UCC specifically provides for "blank endorsements." Under K.S.A. 84-3-205(b), as in this case, a note can be endorsed "in blank," which means that the "instrument becomes payable to [the] bearer and may be negotiated by transfer of possession alone until specially endorsed."

4

*The Bank is entitled to judgment.*

We agree with the *Inda* panel's reasoning and holding. In *Inda,* the defendant argued that Bank of America lacked standing to foreclose because it had sold its beneficial interest in the mortgage to Freddie Mac and was merely the servicer of the note, and not the owner of the debt. Bank of America, however, argued that it had standing based on its holding of both the note and the mortgage. Bank of America produced the original note, endorsed in blank, and the assignment of the mortgage to show its interest in the note. The district court granted summary judgment in favor of Bank of America, reasoning that Bank of America had the authority to enforce the note and the mortgage because it was the holder of the note.

In affirming, this court adopted the principle that a person who is entitled to enforce a negotiable instrument under K.S.A. 84-3-301 is entitled to enforce the instrument regardless of whether he or she is the owner of the instrument or has a beneficial interest therein. Because Bank of America was in possession of the note, which was endorsed in blank, this court found it had standing to enforce the note despite having sold the beneficial interest in the underlying debt. *Inda*, 48 Kan. App. 2d at 666-67; see *Metlife Home Loans*, 48 Kan. App. 2d at 225; *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011). And in finding that Bank of America also had the authority to enforce the mortgage, this court concluded that, "[u]nder Kansas mortgage law, because Bank of America was the holder of the Note, Bank of America was also the holder of the Mortgage. Generally, the mortgage follows the note. [Citations omitted.] Therefore, a perfected claim to the note is equally perfected as to the mortgage." *Inda*, 48 Kan. App. 2d at 667; see *MetLife Home Loans*, 48 Kan. App. 2d at 224.

If we adopt similar reasoning here, we conclude that the Bank was entitled to enforce the note against Christensen upon a showing that:  (1) the note was made payable

5

to the Bank or was endorsed in blank; and (2) the Bank remained in possession of the note. See K.S.A. 84-3-205(b); K.S.A. 84-3-301.

There is no dispute that the Bank has physical possession of the note and that the note is endorsed in blank. We note that the Bank presented the original note to the district court. Consequently, it is clear that the Bank had the authority to enforce the note under K.S.A. 84-3-301, regardless of whether it had a beneficial interest in the underlying debt. See *Inda*, 48 Kan. App. 2d at 666-67. We next ask whether the Bank is the holder of both the note and mortgage.

In Kansas, the holder of the note is also the holder of the mortgage securing it. *U.S. Bank NA v. McConnell*, 48 Kan. App. 2d 892, 900, 305 P.3d 1, *rev. denied* 298 Kan. 1208 (2013); see *Inda*, 48 Kan. App. 2d at 667. In *Metlife Home Loans*, this court confirmed that the common-law concept of the mortgage following the note remains good law. 48 Kan. App. 2d at 224.

Here, the Bank produced an assignment of the mortgage that, both by the terms of the assignment and by statute, carried the note with it. The assignment of mortgage specifically provided it conveyed to Countrywide (now the Bank) "said mortgage . . . with the Note therein described and secured thereby having being duly endorsed." Furthermore, because the Bank, as the valid holder of the note, retained a beneficial interest sufficient to give it standing to initiate a foreclosure action, it did not need an assignment to vest it with a beneficial interest. See *MetLife Home Loans*, 48 Kan. App. 2d at 225.

The record conclusively establishes that the Bank was the valid holder of the note executed by Christensen. It was endorsed in blank. Christensen's mortgage was assigned and recorded in favor of the Bank prior to foreclosure. Christensen was in default on the

6

note. Therefore, the Bank was entitled to summary judgment on its mortgage foreclosure action as a matter of law.

We reject any suggestion that Article 9 comes into play where a holder in due course status is asserted under Article 3, or K.S.A. 84-3-301. See *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 13, 774 P.2d 919 (1989).

Affirmed.