NOT DESIGNATED FOR PUBLICATION

No. 112,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as trustee for GSAMP Trust 2005-NC1,
*Appellee*,

v.

RANDALL J. HUTCHISON, *et al*.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed January 15, 2016. Affirmed.

*Aldo P. Caller*, of Overland Park, for appellants.

*Michael D. Doering*, of The Boyd law Group, L.C., of Overland Park, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*:  Randall and Penny Hutchison appeal the foreclosure of their mortgage and the resulting judgment against them. The district court granted summary judgment to Deutsche Bank National Trust Company (Deutsche), as Trustee for GSAMP Trust 2005-NC1, Pooling and Servicing Agreement dated as of February 1, 2005, in the amount of $191,199.23. The Hutchisons challenge whether Deutsche is in fact the mortgagee entitled to foreclose their mortgage and material issues of fact still remain that should have prevented the court from deciding this case on summary judgment. We affirm.

1

On October 30, 2004, Randall executed a promissory note to Mortgage Plus, Inc., in the amount of $140,000. On the same date, both Randall and Penny executed a mortgage in favor of Mortgage Plus for their residence in Overland Park. The mortgage was recorded with the Johnson County Register of Deeds on November 3, 2004. Also on October 30, 2004, Mortgage Plus immediately assigned the mortgage to New Century Mortgage Corporation, but that assignment was not filed with the register of deeds until February 24, 2006. Several years later, on February 25, 2009, New Century assigned the mortgage to Deutsche. The assignment was recorded with the register of deeds on July 8, 2009. The history of the promissory note is a bit sketchier.

The record contains an allonge to promissory note with two endorsements on it. Neither of the endorsements were dated. The first endorsement is signed by Todd D. Geiman (President) of Mortgage Plus transferring the note to New Century Mortgage. The second endorsement is a stamped signature of Magda Villanueva (A.V.P./Shipping Manager) of New Century giving a blank endorsement. However, the record also contains a second allonge dated March 12, 2012, that transfers the note from New Century to Deutsche. This second allonge was signed by Leticia N. Arias (Contract Manager) with the signature line of "New Century Mortgage Corporation by its Attorney in Fact Ocwen Loan Servicing, LLC." This second allonge was prepared by Nadine Alvarez.

Deutsche filed a mortgage foreclosure action against the Hutchisons in June 2011. However, the district court dismissed the action without prejudice on July 12, 2012. On March 26, 2013, Deutsche filed the current foreclosure action against the Hutchisons. Attached to its foreclosure action was the promissory note, the first allonge, and the mortgage. Deutsche alleged it was now the owner and holder of the note and mortgage by assignment. After a lengthy discovery period and several motions to dismiss, the court considered the case under Deutsche's motion for summary judgment.

In its summary judgment motion filed on February 11, 2014, Deutsche argued it was the current holder of the note and mortgage by assignment and was the party entitled to enforce them and Ocwen Loan Servicing, LLC was the servicing agent for Deutsche and was authorized to act as such as its attorney-in-fact. The supporting authority for both of these facts was an affidavit, dated January 24, 2014, attached to the summary judgment motion created by Sean Bishop (Contract Management Coordinator) of Ocwen Loan Servicing, LLC. The parties argued the summary judgment motion to the district court.

At the summary judgment hearing, counsel for Deutsche, Linda Tarpley, told the district court she had the promissory note in her office safe. She had offered several times for the Hutchisons' counsel, Aldo Caller, to come to her office to view the original promissory note. Tarpley requested the court foreclose the mortgage and note because the Hutchisons' had executed the documents, they were in default, and Deutsche was the holder of the mortgage and note. Tarpley presented Bishop's affidavit and explained how Ocwen was the loan servicer for the Hutchisons' mortgage and they had a deficient payment history.

In opposition, Caller argued several inconsistencies. Caller stated the promissory note had plenty of space on the last page so the creation of an allonge was questionable and unnecessary. He also claimed the difference in the punch holes on various pages of the promissory note indicated it was not a copy of the original. Caller argued Deutsche's copy of the promissory note did not contain the second allonge—which he had produced to the district court in his response—so Deutsche's note was not a copy of the complete and original promissory note.

As far as the legitimacy of the second allonge, Caller objected to Ocwen's employee Bishop purporting to be an attorney-in-fact for Deutsche where there was no evidence in the record supporting such a designation. Caller argued there was no

3

evidence in the record of the pooling and servicing agreement that would give Deutsche ownership of the Hutchisons' promissory note. Caller raised other fact issues, namely there was evidence the corporation that endorsed the note was defunct in 2009 and that Deutsche might be the wrong trust.

Tarpley responded that Caller's arguments were based entirely on speculation. She argued Caller had presented no evidence to create a disputed material fact of whether the Hutchisons executed the note or whether they were in default. As for the correct mortgagee for the foreclosure action, Tarpley told the district court:

> "I have offered to show Mr. Caller the original note which remains in my safe. It is a negotiable instrument, so it must remain very secure. I offered for him to come and view that document at any time during business hours for pretty much since the last hearing. I have obtained that immediately from my client and we are stating to the Court that we are entitled to summary judgment today based upon the facts of this case."

Caller again explained to the court that the problem was that the second allonge—as produced by the defense—directly contradicted Deutsche's copy of the alleged original note as being original because it was missing the second allonge.

The district court ruled the Hutchisons had failed to come forward during the summary judgment proceedings with facts that created a material issue of fact of whether Deutsche was entitled to foreclose this mortgage and enforce the promissory note. When the court asked the parties if they needed any clarification, Caller asked the court, "Well, we want the Court to find from the record that the agency was proven by the affiant and . . . the second endorsement that was produced to the Court is not material." The court stated the evidence was sufficient to find there was an agency and Ocwen was Deutsche's agent.

Caller then pushed even harder on the existence of both allonges:

"MR. CALLER: But you have both allonges?

MR. TARPLEY: Yes, What I am telling him is this was offered to you starting in the first week of April."

The district court concluded the allonge argument was not material to the issues in the case and specifically found Deutsche was in possession of the mortgage and note at the time the suit was filed. The court granted judgment to Deutsche in the amount of $191,199.23.

The Hutchisons appeal.

The primary purpose of a mortgage is to insure the payment of the debt for which it provides security, and foreclosure is allowed when necessary to carry out that objective. See *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013). Promissory notes and mortgages are contracts between the parties to which the ordinary rules of contract construction apply. *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 223, 286 P.3d 1150 (2012). To grant summary judgment in a mortgage foreclosure action, the district court must find undisputed evidence in the record that (1) the defendant signed a promissory note secured by a mortgage; (2) the plaintiff is the valid holder of the note and the mortgage; and (3) the defendant has defaulted on the note. *Inda*, 48 Kan. App. 2d at 664.

We are not concerned in this appeal with the first and third elements listed above. The Hutchisons do not contest that they signed the note and/or mortgage and have defaulted on their payment obligation. The first and third elements are satisfied based on the undisputed record. The dispositive issue here is whether the record supports the district court's finding that Deutsche was the valid holder of both the note and mortgage, making summary judgment proper.

5

A note is a negotiable instrument subject to Article 3 of the Kansas Uniform Commercial Code. K.S.A. 2014 Supp. 84-3-104; *Inda*, 48 Kan. App. 2d at 665. Under K.S.A. 84-3-301, a "[p]erson entitled to enforce" an instrument can be any of the following:

"(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309 or 84-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

"Holder" means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2014 Supp. 84-1-201(b)(21)(A).

"'[A] person who is a holder remains a holder although that person has made an assignment of a beneficial interest therein.' [Citation omitted.] 'Consequently, the payee in possession of a note is the holder and may bring suit on the note even though the payee had already assigned the note as "the holder of an instrument whether or not he is the owner may . . . enforce payment in his own name."' [Citation omitted.]" *In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011).

Further, the Uniform Commercial Code specifically provides for "blank endorsements." Under K.S.A. 84-3-205(b), a note can be endorsed "in blank," which means that the "instrument becomes payable to [the] bearer and may be negotiated by transfer of possession alone until specially endorsed." However, under K.S.A. 84-3-205(a), when an instrument is "specially endorsed," it becomes payable to the identified person and "may be negotiated only by the endorsement of that person."

*Bishop Affidavit*

The Hutchisons argue the district court erred in granting summary judgment to Deutsche because the Bishop affidavit was insufficient to establish Deutsche's right to foreclosure. They state Ocwen is not a party to the foreclosure action. They argue Bishop made a self-serving claim to be authorized to execute the affidavit and he failed to indicate the documentary basis for his conclusions or authenticate any of the documents presented to the court. The Hutchisons contend Bishop's conclusion that Deutsche is entitled to enforce the mortgage/promissory note is a conclusion reserved for the court in the foreclosure action. They also claim Bishop does not cite to any document demonstrating the agency relationship between Ocwen and Deutsche. The Hutchisons point out that the promissory note relied upon by Bishop was not the original note because it lacked the second allonge.

Deutsche responds to the Hutchisons' criticism of the Bishop affidavit by arguing they provided nothing other than bare criticism of the affidavit. Deutsche argues the Hutchisons have provided no evidence supported by their own affidavits or facts which directly refute the facts asserted by Deutsche in support of the legal elements of the foreclosure action. Deutsche cites *Deutsche Bank v. Kaplan*, No. 111,433, 2015 WL 1636819, at *3 (Kan. App. 2015) (unpublished opinion), for the language that mere speculation is insufficient to avoid summary judgment. Deutsche argues that in the absence of contrary evidence, the district court did not abuse its discretion in deciding the Bishop affidavit was acceptable and met the requirements of K.S.A. 2014 Supp. 60-256(e) and K.S.A. 2014 Supp. 60-460(m), and the allegations contained therein were deemed admitted pursuant to Supreme Court Rule 141(f)(2) (2015 Kan. Ct. R. Annot. 242-44).

The standard of review governing the trial court's consideration of evidence is abuse of discretion. See *Mays v. Ciba-Geigy Corp.*, 233 Kan. 38, 49, 661 P.2d 348

(1983). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." *McKissick v. Frye*, 255 Kan. 566, 577, 876 P.2d 1371 (1994).

There are two statutes pertinent to this affidavit question. K.S.A. 2014 Supp. 60-256(e), entitled "Affidavits or declarations; further testimony" provides:

"(1) In general. A supporting or opposing affidavit or declaration must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit or declaration, a sworn or certified copy must be attached to or served with the affidavit or declaration. The court may permit an affidavit or declaration to be supplemented or opposed by depositions, answers to interrogatories or additional affidavits or declarations.

"(2) Opposing party's obligation to respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or by declarations pursuant to K.S.A. 53-601, and amendments thereto, or as otherwise provided in this section, set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

K.S.A. 2014 Supp. 60-460(m), entitled "Business entries and the like," provides:

"Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that (1) they were made in the regular course of a business at or about the time of the act, condition or event recorded and (2) the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness.

"If the procedure specified by subsection (b) of K.S.A. 60-245a for providing business records has been complied with and no party has required the personal

8

attendance of a custodian of the records or the production of the original records, the affidavit or declaration of the custodian shall be prima facie evidence that the records satisfy the requirements of this subsection."

We find the case of *Bank of New York Mellon v. Akande*, No. 108,851, 2014 WL 3731901 (Kan. App. 2014) (unpublished opinion), to be a persuasive foreclosure case. On June 4, 2012, the Bank filed a motion for summary judgment. In support of its motion, it attached a copy of the note, mortgage, and mortgage assignment. As proof of the amount of the default, the Bank attached an affidavit and business records from Stacie Marie Pordash, Assistant Vice President of Bank of America, N.A. (BANA), which serviced the loan. Akande challenged Pordash's affidavit for lack of foundation to prove the admission of the business records and because the statements in the affidavit were conclusory. The *Akande* court held Pordash's affidavit supported the conclusion that BANA had serviced the loan and that Pordash had verified the business records proving Akande's default. The court held Pordash's affidavit complied with K.S.A. 2011 Supp. 60-460(m) and was not conclusory. 2014 WL 3731901, at *5-6.

Here, Bishop averred that he was the contract manager coordinator of Ocwen authorized by Ocwen to sign the affidavit. He stated that Ocwen was the servicing agent for the Hutchisons' loan and his job duties were familiarity with business records maintained by Ocwen for the purposes of servicing mortgage loans, collecting payments, and pursuing any delinquencies. He verified that the business records attached to the affidavit were

"made at or near the time by, or from information provided by, persons with knowledge of the activity and transaction reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Ocwen Loan Servicing, LLC. It is the regular practice of Ocwen Loan Servicing, LLC's mortgage servicing business to make and update its servicing records."

9

Attached to the affidavit was a computer-generated account information statement for the Hutchisons' loan. This document showed the Hutchisons' inconsistent and inadequate payment history prior to the filing of the mortgage foreclosure petition. We are persuaded that the Bishop affidavit complied with K.S.A. 2014 Supp. 60-256(e) and K.S.A. 2014 Supp. 60-460(m). The district court did not abuse its discretion in admitting Bishop's affidavit. Further, the Hutchisons do not challenge the delinquency of their mortgage payments and did not present controverted evidence regarding the default.

*Agency*

The Hutchisons argue that in a mortgage foreclosure action the agency relationship between the entity pursuing the foreclosure and the entity entitled to foreclose must be shown. See *Wells Fargo Bank, N.A. v. Richards*, No. 109,550, 2013 WL 6799284 (Kan. App. 2013) (unpublished opinion). Otherwise, they argue, failure to establish that agency relationship is fatal to those seeking to enforce foreclosure rights on behalf of a principal and summary judgment must be denied. See *U.S. Bank v. Howie*, 47 Kan. App. 2d 690, 695, 280 P.3d 225 (2012).

The Hutchisons stated that the original note was never presented or submitted to the district court. However, Tarpley informed the court she was in possession of the original note and Caller had been given ample opportunity prior to the hearing to examine the original note in her office. Caller never examined the note. There is really no dispute that Deutsche had physical possession of the note. Consequently, it is clear that Deutsche had the authority to enforce the note under K.S.A. 84-3-205 and K.S.A. 84-3-301 either as possessor of a note endorsed in blank or by the special endorsement to Deutsche.

In *Inda*, 48 Kan. App. 2d 658, the defendant argued that Bank of America lacked standing to foreclose because it had sold its beneficial interest in the mortgage to Freddie Mac and was merely the servicer of the note, and not the owner of the debt. Bank of

10

America, however, argued that it had standing based on its holding of both the note and the mortgage. Bank of America produced the original note, endorsed in blank, and the assignment of the mortgage to show its interest in the note. The district court granted summary judgment in favor of Bank of America, reasoning that Bank of America had the authority to enforce the note and the mortgage because it was the holder of the note.

In affirming, the *Inda* court adopted the principle that a person who is entitled to enforce a negotiable instrument under K.S.A. 84-3-301 is entitled to enforce the instrument regardless of whether he or she is the owner of the instrument or has a beneficial interest therein. Because Bank of America was in possession of the note, which was endorsed in blank, the court found it had standing to enforce the note despite having sold the beneficial interest in the underlying debt. 48 Kan. App. 2d at 666-67; see *Metlife Home Loans*, 48 Kan. App. 2d at 225; *In re Martinez*, 455 B.R. at 763. And in finding that Bank of America also had the authority to enforce the mortgage, this court concluded:  "Under Kansas mortgage law, because Bank of America was the holder of the Note, Bank of America was also the holder of the Mortgage. Generally, the mortgage follows the note. [Citations omitted.] Therefore, a perfected claim to the note is equally perfected as to the mortgage." *Inda*, 48 Kan. App. 2d at 667; see *MetLife Home Loans*, 48 Kan. App. 2d at 224 (confirmed that the common-law concept of the mortgage following the note remains good law).

The Hutchisons argue the missing second allonge raises multiple factual issues that prevented summary judgment. First, the promissory note was marked pages 1-4 and there was no need for an allonge due to sufficient room for endorsements on page 4. See, *e.g.*, *Shepherd Mall St. Bank v. Johnson,* 603 P.2d 1115, 1118 (Okla. 1979) (The attachment was an allonge, and "its use is recognized where the instrument is so covered with previous [e]ndorsements that additional space is required."). Second, the Hutchisons argue the first allonge page shows evidence of a punch-hole mark at the top that is not present in the previous pages which constitutes the body of the note and therefore is

11

evidence it was attached to a different group of documents, not the original note. On the contrary, the second allonge page does not have punch-hole marks, which the Hutchisons argue is more consistent with having been at some point attached to the body of the note.

In *Midfirst Bank v. Hernandez*, No. 110,029, 2014 WL 1887665 (Kan. App. 2014) (unpublished opinion), the court addressed this spurious argument concerning the possibility of punch-hole marks creating a material factual issue. Devine (previously known as Hernandez) contested the district court's examination of the original note and attempted to introduce doubt as to its legitimacy by alleging she was not allowed to inspect the note. The rules of civil procedure allow for the inspection of documents in a reasonable time, place, and manner. K.S.A. 2014 Supp. 60-234(a), (b)(1)(B). Devine did not argue she was denied this opportunity. She did not argue the district court's determination that Midfirst held the original note was not based on substantial competent evidence. Instead, she suggested the "second 'Note'" was forged due to the lack of "filing holes at the top." The court held that even viewing the evidence in the light most favorable to Devine, this only proved different copies of the Note were filed at different points in the proceedings. The court concluded Devine had not demonstrated that a genuine issue remained in dispute regarding whether Midfirst held the note. 2014 WL 1887665, at *4. The *Hernandez* court also held that "Devine provides no legal authority for the conclusion that completing an endorsement after a petition to enforce it has been filed deprives a plaintiff of the rights he or she otherwise would have had to enforce the Note by simply holding it." 2014 WL 1887665, at *3.

Another factual issue raised by the Hutchisons is the actual execution of the allonges. The Hutchisons point out that one of the endorsements is a stamped signature, two endorsements bear no date, and the one that is dated was not presented by Deutsche. The Hutchisons claim Deutsche could not rely on the second allonge with the specific endorsement because it did not have the original, which explains why it was neither part of the attachments to Bishop's affidavit, nor brought into court to supplement the missing

12

page. We believe the Hutchisons' theory to be as follows: if the blank endorsement occurred before March 12, 2012, then the blank endorsement has no legal effect because New Century never transferred it and continued to be the owner or it was transferred to an unknown entity and then transferred back to New Century as of March 12, 2012; however, if the blank endorsement is after March 12, 2012, then it has no legal effect because it had already been transferred as of March 12, 2012, by the special endorsement.

The final factual issue raised by the Hutchisons is that the record revealed New Century was a corporation created in California and ceased to exist as of 2009, 3 years before the second allonge was executed giving the promissory note to Deutsche. The Hutchisons contend this raised possible attempts to cure the lack of an endorsement, and if the blank endorsement occurred after the second allonge, then it would be even more likely to be fraudulent. The Hutchisons argue further suspicion is raised by the fact that the same person who assigned the mortgage from New Century to Deutsche in 2009 (Tom Geiman) is not the same person who endorsed the promissory note in blank (Magda Villanueva) or executed the second allonge (Leticia Arias). The Hutchisons conclude there is little question that Deutsche sought to have both the note and mortgage signed over to it but only through the use of the employees of its servicer, first Litton then Ocwen, purporting to act on behalf of New Century. They contend the servicer may or may not have been factually or legally able to act on their own and there is no evidence giving the servicers any actual authority to be Deutsche's attorney in fact.

In its brief, Deutsche contends:

"Counsel for [Deutsche] was truthful when she informed the Court and counsel for [the Hutchisons] that she, as agent for [Deutsche], was in possession of the original Note. However, statements of counsel that the copy of the Note attached to [Deutsche's] Motion for Summary Judgment was a true and correct copy of the entirety of the original Note were inaccurate."

13

In their brief, the Hutchisons' explained that Caller had examined the note in prior counsel's office and it included six pages: four pages of the note, one page of first allonge, and one page of second allonge.

When challenging the moving party's factual contentions, the nonmoving party must "concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact" with precise references to the relevant portion of the record. Supreme Court Rule 141(b)(1)(C)(i) (2015 Kan. Ct. R. Annot. 243). Accordingly, allegations, uncertainty, and "[m]ere speculation [are] insufficient to avoid summary judgment." *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 290, 138 P.3d 388, *rev. denied* 282 Kan. 791 (2006). Furthermore, an issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *Carr v. Vannoster*, 48 Kan. App. 2d 19, 21, 281 P.3d 1136 (2012).

Deutsche had proof of the mortgage assignment and undisputed possession of the note. It is undisputed that Deutsche is the holder of the mortgage in this case. The register of deeds contains the February 25, 2009, assignment of mortgage from New Century Mortgage to Deutsche. The assignment was filed with the register of deeds on July 8, 2009. The assignment of the mortgage specifically provided it conveyed to Deutsche "all of Assignor's right, title and beneficial interest in and to that certain MORTGAGE describing land therein, recorded in the County of JOHNSON, State of KS as follows: [Hutchison's mortgage]." Deutsche is the holder of the mortgage by recorded assignment. The Hutchisons do not challenge the legality of Deutsche's authority under the mortgage.

14

The record also conclusively establishes that Deutsche was the valid holder of the note executed by Randall. It was endorsed in blank. Any evidence established by the second allonge confirms a special endorsement of the note on March 12, 2012, from New Century to Deutsche. As contemplated in K.S.A. 84-3-205(a), when an instrument is "specially endorsed," it becomes payable to the identified person and "may be negotiated only by the endorsement of that person." Having met the other elements of a foreclosure action, Deutsche was entitled to summary judgment on its mortgage foreclosure action as a matter of law.

We have examined all the factual issues raised by the Hutchisons and reject them. Any disputed issue of fact raised by the Hutchisons was immaterial to the legal issues of whether Deutsche was the holder of the note and mortgage and had the legal authority to enforce those instruments. Any evidence or argument alleged by the Hutchisons concerning the timing or validity of the second allonge did not change the fact that Deutsche was the holder of the note under a blank endorsement or special endorsement. As found by the court in *Hernandez*, a similar conclusion could be made in this case: "Devine provides no legal authority for the conclusion that completing an endorsement after a petition to enforce it has been filed deprives a plaintiff of the rights he or she otherwise would have had to enforce the Note by simply holding it." 2014 WL 1887665, at *3. The same applies to the Hutchisons. Further, any claim as to a phantom holder of the note is pure speculation and does not prevent the granting of summary judgment.

Affirmed.