NOT DESIGNATED FOR PUBLICATION

No. 116,263

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAWRENCE RUIZ,
*Appellant*,

v.

MARYSVILLE MUTUAL INSURANCE COMPANY,
*Appellee*.


MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed April 14, 2017. Affirmed.

*Alan V. Johnson*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Topeka, for appellant.

*Norman R. Kelly*, of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*: Lawrence Ruiz appeals the district court's decision granting summary judgment in favor of Marysville Mutual Insurance Company (Marysville Mutual) on an insurance policy claim that arose after a pipe burst in the basement of a vacant rental property owned by Ruiz. On appeal, Ruiz claims that he substantially complied with Kansas Supreme Court Rule 141 (2017 Kan. S. Ct. R. 204) so as to raise a genuine issue of material fact that should have precluded summary judgment. He also claims that the evidence submitted by Marysville Mutual in support of its summary

1

judgment motion was insufficient to entitle it to judgment as a matter of law. For the reasons stated herein, we reject Ruiz' claims and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2014, Ruiz filed a claim with Marysville Mutual stemming from water damage caused by a broken pipe. The damage occurred at a vacant rental property owned by Ruiz located at 1600 N. Madison, Junction City, Kansas. Ruiz discovered the damage on January 25, 2014. The Junction City water department had shut the water off to the residence after discovering that "the meter was 'spinning,'" and Ruiz later received an $1,800 water bill as a result of the uncontrolled running water.

Independent insurance claims adjuster Larry Vossen investigated the claim for Marysville Mutual. He concluded that the damage appeared to have been the result of a frozen pipe bursting at the interior water shut-off valve for the entire house. Vossen discovered and documented that the water line for the residence was not turned off at the outside meter. He also discovered and documented that the residence was equipped with a fully-functioning thermostat and gas furnace, which was the sole source of heat.

Ruiz' insurance policy only covered damage from frozen pipes under certain circumstances. The applicable section provided coverage for damage caused by:

> "'Freezing of plumbing, heating, or air conditioning systems or domestic appliance – This does not cover loss on the insured premises while the residence is vacant, unoccupied (including temporary absence) or is under construction and unoccupied. However, this exclusion does not apply if any insured has used reasonable care to:
>> "a. maintain heat in the building or mobile home; or
>> "b. shut off the liquid supply and completely empty the domestic appliance."

2

Marysville Mutual hired consulting engineer Joseph A. Yoder, P.E. to further investigate the claim. Yoder analyzed records from Kansas Gas Service that outlined the gas usage at the residence. The average gas usage around the time of the pipe burst—December 2013 to February 2014—was 6.06 Mcf, which was significantly lower than the same period of time in the preceding two winters, which "was 65.6 Mcf and 42.2 Mcf respectively." The gas usage "between January 22, 2014, and February 20, 2014, was 0.0068 Mcf," which indicated to Yoder the furnace was either off or the thermostat was at its lowest temperature setting. During this same time period, the gas usage was "less 'than the average winter usage of gas *per day* in 2012 and 2013.'"

Yoder confirmed that the pipe apparently froze and burst at the shut-off valve, releasing an uncontrolled flow of city water into the basement. The valve itself was the actual point of failure. Yoder opined that had the water been shut off outside the house at the meter and the plumbing system drained, the valve would not have frozen. Based on Yoder's report, Marysville Mutual denied Ruiz' claim in a letter dated June 11, 2014.

On March 13, 2015, Ruiz filed a petition for breach of contract in district court, undertaking the lawsuit pro se, seeking damages in the amount of $67,384.82. The petition initially named Marysville Mutual and Cardinal Insurance as defendants, but Cardinal Insurance was later dismissed. Marysville Mutual filed its answer on March 31, 2015, raising numerous affirmative defenses. The record reflects numerous discovery problems, including motions to compel discovery filed by Marysville Mutual and multiple hearings scheduled by the district court to address discovery issues. At one point, Ruiz filed a motion to recuse the original judge assigned to the case, but that motion was overruled by the chief judge of the Eighth Judicial District.

On February 22, 2016, Marysville Mutual filed a motion for summary judgment alleging that there were no genuine issues as to any material facts and that Marysville Mutual was entitled to judgment as a matter of law. In the memorandum supporting

3

summary judgment, Marysville Mutual listed 27 uncontroverted facts. Marysville Mutual argued that the coverage exclusion from the policy applied in this case because the residence was vacant and Ruiz did not "use reasonable care to: a) maintain heat in the residence; OR b) shut off the water; AND completely empty or drain the plumbing."

On March 10, 2016, Ruiz requested an extension of time to respond to the summary judgment motion. Marysville Mutual objected to the extension of time. On March 23, 2016, the court denied the extension of time indicating that the summary judgment motion would proceed as previously scheduled.

On March 30, 2016, Ruiz filed a "declaration" in opposition to Marysville Mutual's motion for summary judgment. In the declaration, Ruiz claimed that both the electricity and gas were turned on at the residence "on or about December 10, 2013." Ruiz claimed that on that same date, he turned on the heat and set the thermostat in the residence to 65 degrees. Ruiz claimed he checked on the property "approximately once per week" and always checked the thermostat on such visits. Lastly, Ruiz claimed that when he discovered the water damage on January 25, 2014, he shut off the gas until plumbing repairs were made.

The district court heard oral arguments on the motion for summary judgment on April 5, 2016. The district court first found that Ruiz did not comply with Supreme Court Rule 141 in responding to the summary judgment motion. As to Ruiz' request for extension of time to respond to the motion, the district court noted that it had explained all applicable deadlines to Ruiz at the case management conference, specifically the deadline for Ruiz to respond to the summary judgment motion. The district court rejected Ruiz' untimely declaration and admitted all of the uncontroverted facts from Marysville Mutual's memorandum supporting summary judgment. Based on the uncontroverted facts, the district court granted summary judgment in favor of Marysville Mutual.

Ruiz, through counsel, filed a motion for reconsideration on May 9, 2016. On June 14, 2016, the district court filed its written ruling upholding summary judgment. The district court found that in responding to the summary judgment motion, Ruiz had absolutely and utterly failed to comply with every aspect of Supreme Court Rule 141, describing Ruiz' action as "a wholesale ignoring of the entirety of the Rule." The district court found that the uncontroverted facts presented by Marysville Mutual were "more than sufficient . . . to grant summary judgment on this issue even when viewed in the light most favorable to Mr. Ruiz." Ruiz timely filed a notice of appeal.

COMPLIANCE WITH SUPREME COURT RULE 141

On appeal, Ruiz claims that he substantially complied with Supreme Court Rule 141 so as to raise a genuine issue of material fact that should have precluded summary judgment. Specifically, Ruiz claims that because he filed his declaration prior to the summary judgment hearing and claimed in the declaration that reasonable care was used in heating the residence, he substantially complied with Rule 141 and the summary judgment motion should have been denied.

Marysville Mutual contends that Ruiz failed to comply with Rule 141 in responding to the summary judgment motion. As a result, Marysville Mutual asserts that the district court properly admitted all of the uncontroverted facts in support of the motion for summary judgment. Marysville Mutual claims that no court should "tolerate the litigation tactics or behavior that Ruiz had deployed . . . or the attendant responsive attorney's fees and related expenses he caused Marysville Mutual to incur."

Whether Ruiz substantially complied with Kansas Supreme Court Rule 141 in responding to the summary judgment motion presents a question of law subject to unlimited review. *Rhoten v. Dickson*, 290 Kan. 92, 100, 223 P.3d 786 (2010).

5

As Ruiz points out, K.S.A. 2016 Supp. 60-256 controls summary judgment motions. The statute provides that "[a] party may move for summary judgment . . . after the close of all discovery; [and] a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later." K.S.A. 2016 Supp. 60-256(c)(1)(A) and (B). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." K.S.A. 2016 Supp. 60-256(c)(2).

Kansas Supreme Court Rule 141 provides additional requirements for the filing of a motion for summary judgment and response. Rule 141 states in pertinent part:

"(b) Response to Motion for Summary Judgment; Requirements. A memorandum of brief opposing a motion for summary judgment must:

(1) state—in separately numbered paragraphs that correspond to the numbered paragraphs of movant's memorandum or brief—whether each of movant's factual contentions is:

(A) uncontroverted;

(B) uncontroverted for purposes of the motion only; or

(C) controverted, and if controverted:

(i) concisely summarized the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment; and

(ii) provide precise references as required in subsection (a)(2); and

(2) be filed and served on all counsel of record and unrepresented parties not in default for failure to appear not later than 21 days after service of the motion, unless the time is extended by local rule or court order." (2017 Kan. S. Ct. R. 204).

6

The purpose of Rule 141 "is to identify 'what facts are or are not controverted' or 'on what evidence the parties rely.'" *Bank of America v. Inda*, 48 Kan. App. 2d 658, 670, 303 P.3d 696 (2013). "[S]ubstantial compliance with Rule 141 can be enough." 48 Kan. App. 2d 670. "'[S]ubstantial compliance' is '"compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."'" [Citations omitted.]" *In re Adoption of X.J.A.*, 284 Kan. 853, 868, 166 P.3d 396 (2007). A mere "technical violation of Rule 141" will not automatically render judgment for an opposing party. *Bank of America*, 48 Kan. App. 2d at 670.

Here, the district court did not accept Ruiz' declaration because, first and foremost, it was untimely. According to the district court's prior scheduling order, Ruiz' deadline for responding to the summary judgment motion was March 21, 2016. In denying Ruiz' request for an extension of time to respond, the district court indicated that it had worked with Ruiz to make sure that he was well aware of the proper deadline. Ruiz has provided no reason for this court to find that the district court abused its discretion in denying the request for an extension of time to file a response. Moreover, the untimely declaration that Ruiz ultimately filed did not comply with Rule 141(b)(1) in that it was not keyed to the evidence in the record and it did not explicitly controvert, paragraph by paragraph, Marysville Mutual's statement of uncontroverted facts.

As to substance, Ruiz ultimately filed a self-serving declaration stating that he, in fact, kept the furnace at 65 degrees throughout the winter and did not shut it off until after the pipes burst and while plumbing repairs were made. Ruiz' declaration did not explicitly controvert the independent, objective evidence submitted by Marysville Mutual to support its summary judgment motion. As a general rule, an affidavit submitted in opposition to summary judgment may fail to create a material factual dispute if it is nonspecific, vague, conclusory, or self-serving. See *Fisher v. Forestwood Co., Inc.*, 525 F.3d 972, 978 (10th Cir. 2008).

7

We agree with the district court that Ruiz did not come close to "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *In re Adoption of X.J.A.*, 284 Kan. at 880-81. As the district court stated in its decision denying Ruiz' motion for reconsideration:  "Not only did Mr. Ruiz not substantially comply with Rule 141, there was an absolute and utter failure to comply with any aspect of the rule. There was far more than a 'technical violation' of the Rule. There was a wholesale ignoring of the entirety of the Rule."

In Kansas courts, pro se litigants must follow the same rules as licensed attorneys in civil litigation. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986). Thus, we agree with the district court that Ruiz failed to substantially comply with Rule 141 so as to create a genuine issue of material fact. As a result, the district court did not err in admitting all of the uncontroverted facts from Marysville Mutual's memorandum supporting its motion for summary judgment.

## WAS THE EVIDENCE SUFFICIENT TO ENTITLE MARYSVILLE MUTUAL TO JUDGMENT AS A MATTER OF LAW?

Next, Ruiz claims that the evidence submitted by Marysville Mutual in support of its summary judgment motion was insufficient to entitle it to judgment as a matter of law. Ruiz takes issue with the use of "Yoder's opinion testimony" on the issue of whether the residence was heated. He claims that whether heat was maintained in the residence is an issue "within the common knowledge of lay persons." Ruiz also points out that the cause for gas usage being low between January 22 and February 20, 2014, is easily explained by the fact that he turned off the gas on January 25, 2014, to facilitate plumbing repairs.

Marysville Mutual contends that the evidence was sufficient for the district court to grant its motion for summary judgment. It argues that Yoder's testimony about gas usage in the residence was corroborated by records provided by the Kansas Gas Service.

8

Marysville Mutual maintains the records of gas service "show beyond any doubt that reasonable and adequate heating did <u>not</u> occur during December 2013, January 2014, and February 2014."

The summary judgment standard of review is well established.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015).

We agree with Ruiz that whether heat was maintained in the residence is an issue within the common knowledge of lay persons. We also agree with Ruiz that the gas usage records after January 25, 2014, the date Ruiz discovered the damage, were irrelevant to the motion for summary judgment. Ruiz acknowledged that he shut off the furnace when he discovered the water damage so that plumbers could make repairs.

Marysville Mutual's motion for summary judgment was supported by Yoder's report, which was based on gas consumption records at the residence. Although an expert report was not required to support the summary judgment motion, Yoder's report supported Marysville Mutual's claim that Ruiz failed to take adequate steps to maintain heat in the residence. Disregarding the gas usage records after January 25, 2014, Yoder's report established that very little gas was used at the residence around the time the pipe

burst as compared to the previous two winters. Specifically, from December 19, 2013, to January 22, 2014, only 2.3 Mcf of gas was used at the residence compared to 18.7 Mcf during a similar period of time the year before. The evidence submitted by Marysville Mutual in support of its motion, which was not controverted by Ruiz in any appropriate manner, was sufficient to entitle Marysville Mutual to judgment as a matter of law. Thus, we conclude the district court did not err in granting the motion for summary judgment.

Affirmed.